**STATE of Minnesota, Respondent,**

v.

**Steven Carl KLANG, petitioner, Appellant.**

**No. 82–413.**

Supreme Court of Minnesota.

June 10, 1982.

C. Paul Jones, Public Defender, and Brian I. Rademacher, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Alan Mitchell, County Atty., and Mark S. Rubin, Asst. County Atty., Duluth, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Steven Carl Klang from an order of the St. Louis County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981).

Petitioner, who is 32, seeks resentencing in connection with 1979 convictions of burglary and theft, for which he received concurrent 5-year sentences. Those sentences were executed in December 1980 after petitioner's probation was revoked as a result of his conviction of five separate counts of

burglary. He was sentenced according to the Sentencing Guidelines to 25 months in prison for each of those burglary convictions, with the sentences running concurrently. Those sentences carry a target release date of March 27, 1982, and an expiration date of November 11, 1982. The two 5-year sentences petitioner seeks relief from are sentences which, although running concurrently, run consecutively to the concurrent 25-month terms imposed in 1980. The decision that they should run consecutively to the terms imposed in 1980 was made by the trial court at the time it imposed the 1980 terms.

The current target release date for the 1979 sentences is December 12, 1982, with their expiration date being May 23, 1985. The burglary offense is a severity level IV offense and the theft offense is a severity level III offense. Petitioner's criminal history score at the time of sentencing in 1979 would have been zero. The presumptive sentence of either a severity level IV or III offense by one with a criminal history score of zero is 1 year and 1 day stayed sentence. If petitioner were resentenced according to the Sentencing Guidelines, he would be entitled to immediate release from prison but would be subject to supervision until November 11, 1982.

The district court properly refused to resentence petitioner according to the Sentencing Guidelines because the court was unable to find that petitioner's early release from the sentences would not present a danger to the public and would not be incompatible with the welfare of society. *State v. Champion*, 319 N.W.2d 21 (Minn.1982).

However, we conclude that the trial court, in revoking the stay of execution of the 1979 sentences, improperly ordered those sentences to run consecutively to the sentences imposed in 1980. Minn.Stat. § 609.14, subd. 3(2) (1980), provides that if grounds are found to exist for the revocation of a stay of execution the court may "continue such stay and place the defendant on probation in accordance with the provisions of section 609.135, or order execution of the sentence previously imposed." Under this statute, the trial court, upon finding that grounds for revocation existed, had the choice of either continuing the stay and placing the defendant on probation or ordering execution of the sentence previously imposed. It had no authority to make the previously imposed sentences run consecutively to the subsequently imposed sentences.

Although petitioner does not raise this issue on appeal, we conclude that in the interests of justice the error should be corrected, and we do so. As a result of this, petitioner presumably will be entitled to a recomputation of his target release date and expiration date for the 1979 sentences because the Minnesota Corrections Board presumably was mindful of the fact that the 1979 sentences were consecutive when it computed those dates.

Affirmed as modified.