William D. FOLK, et al., Respondents,

v.

**HOME MUTUAL INSURANCE COMPANY, Appellant.**

No. C0–85–132.

Court of Appeals of Minnesota.

May 28, 1985.

Review Denied Aug. 20, 1985.

William E. Jepsen, Karon, Jepsen & Tice, P.A., Stillwater, for respondents.

George M. Roehrdanz, Gary W. Goldsmith, Roehrdanz, Goldsmith & Malone, Minneapolis, for appellant.

Heard, considered and decided by POPOVICH, C.J., and SEDGWICK and RANDALL, JJ.

## OPINION

POPOVICH, Chief Judge.

Home Mutual Insurance Company appeals the trial court's declaratory judgment finding respondent's car was insured by it. Appellant claims the trial court's finding is not supported by the evidence, is contrary

to law, and that the trial court erred by awarding attorney's fees. We affirm.

### FACTS

This matter arises from an auto accident on March 30, 1980. Respondents commenced a declaratory judgment action to determine their rights under an insurance policy held by George Folk. Appellant claimed the 1966 Oldsmobile respondent William Folk was driving was not an insured vehicle under George Folk's insurance policy. The first trial court found the car was not insured under the express terms of the policy but that the car was insured under an implied contract to backdate insurance coverage. The Minnesota Supreme Court reversed and remanded the matter to the trial court for retrial of the implied contract claim. *See Folk v. Home Mutual Insurance Co.,* 336 N.W.2d 265 (Minn.1983).

On remand, respondents presented evidence to show there was an implied contract with appellant to backdate insurance coverage. The evidence indicated George Folk's two oldest sons owned various inoperable cars which they stored in the family's backyard. The boys would work on the cars, get them working, drive them until they broke and then return them to the backyard. George Folk or his wife, Julie Folk, would call appellant's agent and advise them that a car had become operable the preceding week.

Respondents presented evidence indicating appellant's agent would customarily backdate insurance coverage to the date a car was placed in service. Appellant's agent denied ever backdating insurance. Both parties alleged the agent's records supported their position. The second trial court found:

[T]he Folk family frequently added, deleted, or replaced cars on the insurance policy as the vehicles became available or unavailable for use.

4. This course of conduct included an understanding between the parties whereby George Folk was permitted a reasonable time to contact the agency in order to add rejuvenated vehicles to the insurance policy.

5. On such occasions, coverage for the repaired vehicle was made retroactive to the date it was returned to use.

The trial court concluded the "course of conduct between George Folk and the Hammergren Agency created an implied contract of insurance for the 1966 Oldsmobile * * *."

Respondents then moved for attorney's fees incurred in the two trials, the first appeal, and defense of the underlying action. The trial court granted this motion, in part, and awarded $7,689.13 in attorney's fees.

### ISSUES

1. Is the trial court's finding that an implied contract existed clearly erroneous?

2. Is an implied oral contract extending insurance coverage retroactively to a substitute automobile void as a matter of law?

3. Was the trial court's award of attorney's fees erroneous?

### ANALYSIS

1. *Findings of Fact.*

A trial court's findings of fact must be upheld unless "clearly erroneous." Minn.R.Civ.P. 52.01. On appeal, this court views the evidence in the light most favorable to the prevailing party. *Lesmeister v. Dilly,* 330 N.W.2d 95, 100 (Minn.1983); *Gordon v. Hoffman,* 303 N.W.2d 250, 252 (Minn.1981).

This matter has been tried twice. Both trial courts found appellant backdated insurance coverage on respondents' recently repaired vehicles to the date a vehicle was returned to use. George Folk's testimony and the insurance agent's business records support the trial court's findings. Although this cannot be described as a strong case, the trial court was in a better position to weigh the evidence and determine the credibility of witnesses.

## 2. *Backdating of Insurance.*

Appellant claims an implied oral contract to backdate automobile insurance is void as a matter of law. Appellant asserts (1) this type of insurance is bad public policy because insurers cannot evaluate their exposure and (2) this implied contract contradicts the general principle that an insurance agent may not issue a policy to cover a known loss.

Both parties discuss the application of *Usher v. Allstate Insurance Company*, 300 Minn. 52, 218 N.W.2d 201 (1974). *Usher* involved an application for health insurance. The Minnesota Supreme Court held that an implied contract to backdate a health insurance policy to the date of application could be found.

> It would be grossly unfair for health insurance companies to solicit applicants in need of such coverage pursuant to a vague underwriting practice that allowed the company to collect, retain, and use premiums until the first or even subsequent premium periods have elapsed and at the same time retain the option to refuse to issue a policy if illness strikes during the interim or, if no illness occurs, to backdate the policy and apply the previously paid premium or premiums to the elapsed period. This unfairness to health insurance applicants is not dissimilar in principle to the situation where an insurer backdates an automobile insurance policy and then seeks to cancel the policy when it discovers that an accident has occurred between the dates of application and issuance of the policy. * * * Appleman * * * describe[s] the evil that would result from allowing the insurance company to cancel:
>
> > " * * * It appears that many companies have fallen into the practice of pre-dating policies to the time when the application for insurance was made. If no loss has occurred in the interval between application and issuance of the policy, all is well. But when such a loss has been sustained, the insurer then attempts to wriggle out of liability on the ground that the

risk has been increased without its knowledge. It is submitted that a rule of law which sustains this position is instrumental in perpetrating a fraud upon the insured. *If the insurer dates back its policy, and charges a premium for such period of time, it should bear the risk of a loss occurring within the same period of time.* It would be monstrous to allow the insurer to charge for a coverage which it was never prepared to assume."

*Id.* at 58–59, 218 N.W.2d at 205–06 (quoting 7 Appleman, Insurance Law and Practice § 4266) (emphasis added).

*Usher* is distinguishable because it involved backdating to the date of application. In this matter, the trial court found an implied contract to backdate insurance to the date the substitute vehicle was placed in service. An insurer is presumably less able to evaluate its risks when it does not know exactly which vehicles it is insuring. On the other hand, the trial court found the insurer regularly and customarily backdated George Folk's insurance to the date substitute vehicles were placed in service. Thus, reversing the trial court on this issue would "perpetrate a fraud upon the insured."

The Minnesota Supreme Court addressed a nearly identical situation in *Dike v. American Family Mutual Insurance Company*, 284 Minn. 412, 170 N.W.2d 563 (1969). In *Dike*, the plaintiff brought a declaratory judgment to determine insurance coverage for a substituted vehicle. The vehicle in *Dike*, like the 1966 Oldsmobile in this matter, was not a "replacement" or "substitute" vehicle under the terms of the written insurance policy. The plaintiff notified his insurance agent's wife that he was substituting vehicles, but the change was never made on the written insurance policy.

The insurance company denied coverage after an accident occurred. The supreme court held the insurer was estopped to deny coverage stating:

> Thus, viewing this evidence, which is admittedly weak, most favorably to

plaintiff as we must, the jury could reasonably have discounted [the agent's] testimony, since his wife failed to corroborate it, and concluded that defendant's general agent * * * agreed to provide such coverage by substituting the Jeep for the wrecked pickup under the existing policy; that his wife so informed Mrs. Dike; that plaintiff was justified in assuming, based upon this communication and past practice, that the Jeep was covered; and that defendant, because of the conduct of its agent, is estopped from denying coverage.

*Id.* at 419, 170 N.W.2d at 567.

"[I]n the absence of fraud the legality of predating and antedating a policy of insurance is well established." *Oster v. Riley,* 276 Minn. 274, 277, 150 N.W.2d 43, 46 (1967). If the implied contract to backdate insurance existed, it existed before the accident giving rise to this litigation. Thus, this matter does not involve retroactive insuring of a known loss.

3. *Attorney's Fees.*

 Appellant claims the trial court erred by awarding attorney's fees to respondent for the first two trials and the first appeal. Appellant's argument is without merit. An insured who prevails in a declaratory judgment action brought against an insurer to defend the insured is entitled to attorney's fees. *Lanoue v. Fireman's Fund American Insurance Companies,* 278 N.W.2d 49, 55 (Minn.1979); *see also Morrison v. Swenson,* 274 Minn. 127, 138, 142 N.W.2d 640, 647 (1966). This includes the costs of defending an appeal. *Lanoue,* 278 N.W.2d at 55.

The record indicates respondent prevailed and requested attorney's fees in the first trial. After appellant's first appeal in this matter, the supreme court reversed and remanded for a new trial on the implied contract claim. *Folk,* 336 N.W.2d at 268. Under these circumstances, both trials and the first appeal constituted one action for which attorney's fees were properly awarded.

**DECISION**

The trial court's finding that the parties had an implied contract to backdate insurance coverage is supported by the record.

Under these circumstances where the evidence indicates the actual practice of the parties over a number of years was to backdate insurance, the insurance company is estopped to deny coverage. The practice of the parties indicates a meeting of the minds and the formation of an enforceable contract.

The trial court's award of attorney's fees was proper.

Affirmed.