**In the Matter of the Grand Jury Investigation into the Death of Rodney Ray SASH.**

No. C8–85–2193

Court of Appeals of Minnesota.

Feb. 18, 1986.

Scott Richardson, Austin, for appellant Eddie Ralph Iverson.

Hubert H. Humphrey, III, Atty. Gen., Janet Newberg Anderson, Spec. Asst. Atty. Gen., St. Paul, for the State.

Considered and decided by HUSPENI, P.J., and FOLEY and PARKER, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Appellant Eddie Iverson seeks review of a six-month jail sentence for contempt which the trial court ordered to run consecutive and prior to the start of a previously imposed felony sentence for murder. We affirm but order that the contempt sentence run after the felony sentence.

## FACTS

Eddie Iverson was convicted of second degree murder for participating in the killing of Rodney Ray Sash. Iverson was sentenced to 130 months in prison pursuant to the sentencing guidelines. The sentence was ordered executed.

Shortly after sentencing, while Iverson was still in the Mower County jail, he was subpoenaed to appear before the Mower County Grand Jury to answer questions concerning the involvement of others in Sash's death. Iverson was granted immunity. At the grand jury hearing he refused to be sworn, made several profane responses, and indicated he would not cooperate. The grand jury was then excused and a contempt hearing was held before the trial court. The court found Iverson in direct contempt and sentenced him to six months in jail consecutive to his second degree

murder sentence. The court asked the prosecutor if there was any legal problem in running the jail sentence before Iverson was transferred to a state prison. The prosecutor did not indicate that there was a problem. We granted discretionary review to review the otherwise nonappealable sentence. Minn.R.Crim.P. 28.02, subd. 2(3).

## ISSUES

1. May a subsequently imposed gross misdemeanor sentence be ordered to interrupt the previously imposed and executed felony sentence?

2. Did the trial court err in ordering a gross misdemeanor sentence for contempt to run consecutive to a previously imposed felony sentence?

## ANALYSIS

### I.

The State concedes that the trial court erred in making the contempt sentence run prior to the felony sentence. The court lacked authority to interrupt the running of the felony sentence to insert a consecutive sentence for contempt. *See State v. Klang,* 320 N.W.2d 718 (Minn. 1982).

### II.

Iverson argues that the trial court erred in imposing a consecutive sentence for contempt. We find no merit in this argument. We note initially that the sentencing guidelines do not apply to the contempt sentence. It was a gross misdemeanor, not a felony. Minnesota Sentencing Guidelines II; *State v. Dulski,* 363 N.W.2d 307, 310 (Minn.1985).

Further, the sentence was in compliance with Minn.Stat. § 609.15, subd. 1 (1984), which states in part:

> [W]hen a person who is under sentence of imprisonment in this state is being sentenced to imprisonment for another crime committed prior to or while subject to such former sentence, the court in the later sentences shall specify whether the

sentences shall run concurrently or consecutively. If the court does not so specify, the sentences shall run concurrently.

The trial court specified the sentence was consecutive, because otherwise "it would eliminate the effect, the salutary effect, of a contempt proceeding." We find no error in the trial court's determination to sentence consecutively.

## DECISION

Iverson's six-month consecutive sentence for contempt is affirmed but the sentence must not run until the end of his felony sentence for murder.

Affirmed as modified.