**STATE of Minnesota, Respondent,**

v.

**Rodney Lyle GILBERT, Appellant.**

**No. C5–01–803.**

Court of Appeals of Minnesota.

Oct. 2, 2001.

Mike Hatch, State Attorney General, St. Paul; and Paul D. Baertschi, Tallen & Baertschi, Minneapolis, for respondent.

John M. Stuart, State Public Defender, Michael F. Cromett, Assistant State Public Defender, Minneapolis, for appellant.

Considered and decided by PETERSON, Presiding Judge, AMUNDSON, Judge and G. BARRY ANDERSON, Judge.

## OPINION

G. BARRY ANDERSON, Judge.

At a probation-revocation hearing, the district court ordered appellant to serve a previously imposed but partially stayed sentence consecutively to a later-executed sentence from another county. Appellant argues that the district court erred by imposing its sentence consecutive to a later-imposed sentence from another county because doing so violates Minn.Stat. § 609.15, subd 1(a) (2000). We agree and reverse.

### FACTS

On December 16, 1999, appellant Rodney Lyle Gilbert pleaded guilty to gross-misdemeanor driving under the influence of alcohol. The Hennepin County District Court sentenced appellant to 365 days in jail and stayed the execution of 320 days subject to certain probation conditions, in-

cluding an absence of alcohol-related arrests for two years.

On September 15, 2000, appellant pleaded guilty to gross-misdemeanor driving after cancellation and gross-misdemeanor refusal to submit to testing in Sherburne County. The Sherburne County District Court sentenced appellant to 365 days for each offense, to be served concurrently.

On March 19, 2001, the Hennepin County District Court determined that appellant's alcohol-related convictions in Sherburne County violated the terms of his Hennepin County probation. The district court executed the remaining 320 days of appellant's stayed sentence, and ordered that sentence to be served consecutively to the Sherburne County sentences.

Appellant now challenges the consecutive nature of his sentences.

### ISSUE

Did the district court err by executing a previously imposed but partially stayed sentence consecutive to a later-executed sentence imposed in another county?

### ANALYSIS

 The district court in gross-misdemeanor cases has broad discretion to sentence a defendant within the statutory limits. *State v. Lambert*, 392 N.W.2d 242, 243–44 (Minn.1986). Whether a statute has been properly construed, however, is a question of law subject to de novo review. *State v. Murphy*, 545 N.W.2d 909, 914 (Minn.1996).

Where multiple sentences are involved, Minnesota law provides:

[T]he court in the later sentences shall specify whether the sentences shall run concurrently or consecutively. If the court does not so specify, the sentences shall run concurrently.

Minn.Stat. § 609.15, subd. 1(a) (2000); *see State v. Rasinski*, 527 N.W.2d 593, 595 (Minn.App.1995) (holding that the failure to pronounce a consecutive sentence on the record at sentencing makes defendant's sentence concurrent by statutory presumption). In addition, at the time the sentence is imposed, the district court is required to "state the precise terms of the sentence." Minn. R.Crim. P. 27.03, subd. 4(A); *see State v. Wakefield*, 263 N.W.2d 76, 78 (Minn.1978) ("precise terms of the sentence" includes whether multiple sentences are to run concurrently or consecutively).

The Sherburne County sentencing judge did not state whether the two sentences imposed by that court were concurrent or consecutive to the previously imposed but partially stayed sentence in Hennepin County. Appellant argues that under Minn.Stat. § 609.15, subd. 1(a), the Hennepin County sentence was presumptively concurrent to the Sherburne County sentence. The state, however, contends that Minn.Stat. § 169A.28 (2000) mandates a district court to sentence a defendant consecutively for specified alcohol-related convictions.[1] That statute provides:

Mandatory consecutive sentences. The court *shall* impose consecutive sentences when it sentences a person for:

(1) violations of section 169A.20 (driving while impaired) arising out of separate courses of conduct; [or]

---

1. It is clear from the record that Minn.Stat. § 169.121, subd. 3(g) (1998), was in effect at the time appellant was charged with gross-misdemeanor DWI in Hennepin County on July 14, 1999. This statute was the predecessor section to Minn.Stat. § 169A.28, subd. 1

(2000), referenced above, which became effective in 2000. Both statutes contain the mandatory "shall" language with respect to certain alcohol-related sentences. This opinion will refer to Minn.Stat. § 169A.28 because it is the current statutory citation.

(2) a violation of section 169A.20 when the person, at the time of sentencing, is on probation for, or serving, an executed sentence for a violation of section 169A.20 or Minnesota Statutes 1998, section 169.121 (driver under the influence of alcohol or controlled substance) or 169.129 (aggravated DWI-related violations; penalty), and the prior sentence involved a separate course of conduct * * *.

*Id.*, subd., (1), (2) (emphasis added). Thus, the state argues that the Hennepin County District Court correctly made appellant's sentence consecutive to the Sherburne County sentences.

When there is an apparent conflict between Minnesota statutes, this court looks to Minn.Stat. § 645.26, subd. 1 (2000), which states:

Particular controls general. When a general provision in a law is in conflict with a special provision in the same or another law, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions be irreconcilable, the special provision shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted at a later session and it shall be the manifest intention of the legislature that such general provision shall prevail.

*Id.*

In applying Minn.Stat. § 645.26, subd. 1, to the facts of this case, we find no irreconcilable conflict between Minn.Stat. § 609.15, subd. 1(a), and Minn.Stat. § 169A.28. Minn.Stat. § 609.15, subd. 1(a), presumes that a district court has a choice between imposing a concurrent or consecutive sentence and has broad application with respect to sentencing matters. On the other hand, Minn.Stat. § 169A.28, subd. 1, contains mandatory language requiring that a sentence for a DWI that is issued during a time that a defendant is on probation for a previous DWI offense *must* be consecutive to the probationary sentence. This unambiguous language mandates the imposition of consecutive sentences in limited circumstances, set forth in Minn.Stat. § 169A.28, subd. 1. We therefore conclude that there is no irreconcilable conflict between these two statutes.

Appellant, however, contends that even if Minn.Stat. § 169A.28, subd. 1 ordinarily requires a consecutive sentence, the plain language of Minn.Stat. § 609.15, subd. 1(a), mandates that the later sentencing court, in this case the Sherburne County District Court, impose the consecutive sentence. *See State v. Dulski*, 363 N.W.2d 307, 309 (Minn.1985) ("Since the Carlton County sentence was the later one imposed, it was the Carlton County Court whose role it was to specify whether consecutive or concurrent sentencing was contemplated."). Thus, appellant contends that the Hennepin County District Court had no authority to order the previously imposed sentence to run consecutively to the later-imposed sentence from Sherburne County. *See State v. Braun*, 487 N.W.2d 232, 234 (Minn.1992) (district court not free to increase defendant's sentence from concurrent to consecutive at probation revocation hearing); *State v. Klang*, 320 N.W.2d 718, 719 (Minn.1982) ("in revoking the stay of execution of the 1979 sentences, [the district court] improperly ordered those sentences to run consecutively to the sentences imposed in 1980").

The state, however, argues that a district court has venue at any time to correct a sentence that is not authorized by law. *See* Minn. R.Crim. P. 27.03, subd. 9 ("The court at any time may correct a sentence not authorized by law."). But rule 27.03, subd. 9, also provides that a district court may not, in modifying a stayed sentence,

increase a defendant's period of confinement.

Respondent also cites *State v. Humes*, 581 N.W.2d 317 (Minn.1998), to support its argument. In *Humes*, the supreme court concluded that a district court could subsequently amend a defendant's sentence, without a hearing, to include a conditional-release term mandated by Minn.Stat. § 609.346, subd. 5(a) (1996). *Id.* at 320–21 (failure to include the mandatory conditional-release term in defendant's sentence is simply an error of law and not a waiver of the conditional-release term required by law).

But the *Humes* court was faced with distinguishable facts. In *Humes*, a district court was allowed to amend its earlier erroneous sentence. In contrast, here the Hennepin County District Court, in effect, modified the Sherburne County District Court's sentence by requiring appellant's stayed sentence to be served consecutively to the Sherburne County sentences. Nothing in *Humes* allows this modification in sentencing. In fact, the Hennepin County District Court's actions violate Minn.Stat. § 609.15, subd. 1(a), because that statute provides that the later-sentencing court "shall" make the decision as to whether the sentencing should be consecutive or concurrent, or in this case, to follow the mandate set forth in Minn.Stat. § 169A.28, subd. 1. Therefore, we conclude that the Hennepin County District Court, in executing the previously imposed but partially stayed sentence, erred by making the sentence consecutive to the sentence issued by Sherburne County.

### DECISION

The Hennepin County District Court violated Minn.Stat. § 609.15. subd. 1 (2000), by executing a previously imposed but par-

tially stayed sentence and imposing its sentence consecutive to the sentence from Sherburne County.[2]

**Reversed.**

---

**2.** The Sherburne County District Court may amend it earlier sentence pursuant to Minn. R.Crim. P. 27.03, subd. 9 to conform to Minn. Stat. § 609.15, subd. 1(a) (2000).