**STATE of Minnesota, Appellant,**

v.

**Frank E. HOLMES, Respondent.**

**No. A04–1134.**

Supreme Court of Minnesota.

July 27, 2006.

Rehearing Denied Aug. 23, 2006.

Mike Hatch, Attorney General, St. Paul, MN, Bruce F. Alderman, Crow Wing County Attorney's Office, Brainerd, MN, for appellant.

Benjamin J. Butler, Asst. State Public Defender, Minneapolis, MN, for respondent.

## OPINION

MEYER, Justice.

In this appeal, we are asked to construe the meaning of Minn.Stat. § 169A.28, subd. 1 (2004), which provides for mandatory consecutive sentencing for a felony

driving while impaired (DWI) conviction where a defendant's sentence on a prior gross misdemeanor DWI offense is executed at the time of sentencing for the felony DWI. Respondent Frank E. Holmes was on probation for a prior gross misdemeanor DWI offense when he was convicted of felony DWI. The district court imposed consecutive sentences, did not downwardly amend Holmes' criminal history score, and sentenced Holmes to 66 months in prison on the felony DWI, the presumptive sentence for a felony DWI offender with a criminal history score of five. The court of appeals vacated Holmes' 66–month sentence, concluding that Holmes' criminal history score should be amended downward to one, and remanded for resentencing. We reverse the court of appeals in part, and remand to the district court for resentencing.

Holmes was arrested on September 29, 2003, after a traffic accident in Brainerd, Minnesota. At the time of the accident, Holmes was on probation for a prior gross misdemeanor DWI under Minn.Stat. § 169A.25 (2000).[1] He was charged by complaint with felony first-degree DWI under Minn.Stat. § 169A.20, subd. 1(1) (2004), and Minn.Stat. § 169A.24 (2004),[2] and felony first-degree refusal to submit to chemical testing under Minn.Stat. § 169A.20, subd. 2 (2004), and Minn.Stat. § 169A.24.[3] After a one-day trial, the jury found Holmes guilty of both felony counts. Felony DWI under Minn.Stat. § 169A.24 is a severity level seven offense, *see* Minn. Sent. Guidelines IV, V, and the presentence investigation produced a criminal history score of five for Holmes, including one custody status point.[4] The presumptive sentence for the felony was 66 months of imprisonment. Minn. Sent. Guidelines IV.

On March 22, 2004, the district court imposed a 66–month executed sentence to be served consecutively to Holmes' previously imposed one-year sentence on the gross misdemeanor DWI, followed by five years on conditional release.[5] The next day, the court found that Holmes' felony

---

1. Holmes had been sentenced on January 3, 2002, to one year in jail on the first-degree DWI (which was, at the time, a gross misdemeanor). Execution of the sentence had been stayed, and Holmes had been placed on probation.

2. Section 169A.24 is the mechanism by which a DWI violation becomes a felony. It provides that a person who commits a DWI violation under section 169A.20 within 10 years of the first of three or more qualified prior impaired driving incidents, or a person who has previously been convicted of felony DWI, is guilty of a felony. Minn.Stat. § 169A.24, subd. 1. (The statute has recently been amended to provide additional prior convictions that will serve as a basis for a felony DWI. *See* Act of June 1, 2006, ch. 260, art. 2, § 3, 2006 Minn. Laws ——, ——.)

3. Holmes also had been charged with two gross misdemeanor counts that were later dismissed by the state.

4. Holmes' criminal history score also included a misdemeanor/gross misdemeanor point. Holmes points out that under this court's holding in *State v. Zeimet*, prior criminal convictions should be used as predicates to enhance Holmes' September 2003 DWI offense to a felony under Minn.Stat. § 169A.24 before qualified civil incidents are allocated for the same purpose. *State v. Zeimet*, 696 N.W.2d 791, 797 (Minn.2005). Once the criminal convictions are used as predicates, they cannot be used again in the determination of Holmes' criminal history score. *Zeimet*, 696 N.W.2d at 797; *accord* Minn. Sent. Guidelines cmt. II.B.601. Holmes concedes that he likely has enough other qualifying prior convictions to merit assignment of the misdemeanor/gross misdemeanor point.

5. The trial court did not specifically refer on the record to the January 3, 2002, sentencing, but that was the predicate offense for the application of section 169A.28 to Holmes' sentencing.

DWI conviction constituted a violation of his probation on the gross misdemeanor DWI. The court ordered the one-year gross misdemeanor sentence executed consecutively to the 66–month felony DWI sentence that had been imposed the previous day (switching the imposed order of service of the sentences). The court also found Holmes in violation of his probation on two other convictions, and ordered the sentences executed concurrently with the previously imposed sentences.

Holmes appealed to the court of appeals on several issues, and the court of appeals determined that: (1) the district court erred in ordering the executed gross misdemeanor sentence to run consecutively to the felony sentence, instead of the other way around; (2) the statutorily mandated consecutive sentence for the felony DWI should be considered presumptively consecutive as defined by Minnesota Sentencing Guidelines II.F because the consecutive sentence was mandatory; and (3) section II.F should be applied, reducing Holmes' criminal history score to one to produce a presumptive 42–month stayed felony sentence. *State v. Holmes*, 701 N.W.2d 267, 272–73 (Minn. App.2005). The state appealed, and we granted review.[6]

■  Statutory construction and interpretation of the sentencing guidelines are subject to de novo review by this court. *State v. Zeimet*, 696 N.W.2d 791, 793 (Minn.2005). "The object of statutory interpretation is to determine and effectuate

legislative intent," and "[t]he ambit of an ambiguous criminal law should be construed narrowly according to the rule of lenity." *Id.*

■  Holmes was convicted of driving while impaired under Minn.Stat. § 169A.20 (2002 & Supp.2003). He was on probation for a prior DWI offense and, therefore, was subject to a mandatory consecutive sentence under subdivision 1 of section 169A.28, which states in relevant part:

> The court shall impose consecutive sentences when it sentences a person for:
>
> \*       \*       \*       \*       \*       \*
>
> (2) a violation of section 169A.20 when the person, at the time of sentencing, is on probation for, or serving, an executed sentence for a violation of section 169A.20 \* \* \* and the prior sentence involved a separate course of conduct \* \* \*.

Minn.Stat. § 169A.28, subd. 1. Holmes was sentenced to 66 months in prison, the presumptive sentence for a felony DWI offender with a criminal history score of five. The district court executed Holmes' one-year sentence for the previous DWI consecutive to the felony sentence.

■  The principal question presented by this appeal is whether the duration of Holmes' felony DWI sentence should have been adjusted downward to 42 months under section II.F of the Minnesota Sentencing Guidelines.[7] Holmes concedes that the court of appeals erred in determining that

---

**6.** The court of appeals also held that sufficient evidence supported Holmes' conviction, and that the district court's assignment of a custody status point to Holmes because he was on probation did not violate *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). *Holmes*, 701 N.W.2d at 273. We denied Holmes' petition for cross-review of the constitutionality of the district court's imposition of the custody status point

and the sufficiency of the evidence supporting the felony DWI conviction.

**7.** Under *State v. Klang*, it was improper for the sentencing court to order the executed sentence for the previously imposed gross misdemeanor to run consecutively to the later imposed felony DWI sentence. 320 N.W.2d 718, 719 (Minn.1982).

his sentence should be stayed.[8] When an offender is convicted of multiple offenses, the Minnesota Sentencing Guidelines presume that the sentences will be served concurrently. Minn. Sent. Guidelines II.F. In certain limited circumstances, the guidelines call for or permit consecutive sentences, and in those cases the offender's criminal history score is amended downward to a score of one or zero, depending on whether the consecutive sentence is presumptive or permissive. *Id.* Comments to the sentencing guidelines explain the rationale for amending downward a criminal history score when a consecutive sentence is imposed:

> Consecutive sentences are a more severe sanction because the intent of using them is to confine the offender for a longer period than under concurrent sentences. If the severity of the sanction is to be proportional to the severity of the offense, consecutive sentences should be limited to more severe offenses.

Minn. Sent. Guidelines cmt. II.F.01.

There are three types of consecutive sentences under the guidelines: presumptive, permissive, and a departure. *See* Minn. Sent. Guidelines II.F. In each situation, the offender's criminal history score is altered. If a consecutive sentence is presumptive, a criminal history score of one is assigned. *Id.* para. 7. If a consecutive sentence is permissive or a departure, a criminal history score of zero is assigned to determine the duration of the sentence. *Id.* para. 17.

The court of appeals held that Holmes' sentence under Minn.Stat. § 169A.28, subd. 1, was "a presumptive consecutive sentence calculated using a criminal-history score of one," even though the court acknowledged that the consecutive sentencing provision of the guidelines does not list consecutive sentencing under section 169A.28 as a case in which either a presumptive or a permissive consecutive sentence may be imposed. *Holmes,* 701 N.W.2d at 272–73. For felony DWI, a severity level seven offense, the presumptive duration of the sentence with a criminal history score of one is 42 months. Minn. Sent. Guidelines IV. Under the court of appeals' holding, for felony DWI offenders such as Holmes with a criminal history score of five, section 169A.28, subdivision 1, and Minn. Sent. Guidelines II.F combine to result in a shorter sentence than if the offender had been sentenced concurrently (where the duration would be calculated using the offender's unaltered criminal history score), and less than a sentence received by a DWI offender who repeats the offense with less frequency (because the offender's probationary period would be expired, so he would receive the presumptive guidelines sentence, also based on his unaltered criminal history score).

The state argues that applying the guidelines as the court of appeals did produces a result contrary to the plain legislative intent behind section 169A.28 to crack down on repeat DWI offenders. The state points to the guidelines' stated goal of achieving rational and consistent sentenc-

---

8. If section II.F in fact applies to Holmes' case, it requires that his criminal history score should be reduced only for purposes of determining the presumptive *duration* of the consecutive sentence. Minn. Sent. Guidelines II.F para. 7. For the presumptive disposition (i.e., determining whether the sentence should be stayed or executed), sections II.C and II.E,

paragraph 7, of the guidelines direct that the grid in section IV of the guidelines should be used to determine the presumptive disposition of the defendant's consecutive sentence. In Holmes' case that would mean that even if section II.F applies he would receive an executed sentence, given his criminal history score of five.

ing, Minn. Sent. Guidelines I, and draws a contrast between the court of appeals' 42–month sentence for Holmes and the consecutive 66–month felony sentence and 12–month gross misdemeanor sentence in *State v. Kier,* 678 N.W.2d 672, 675–76 (Minn.App.2004) (consecutive felony and gross misdemeanor sentences imposed as part of the same behavioral incident), *rev. denied* (Minn. June 15, 2004).

Alternatively, the state argues that if any provision of section II.F applies, it should be the reference in the presumptive consecutive sentences section to circumstances where "the total time to serve in prison would be longer if a concurrent sentence is imposed in which case a concurrent sentence is presumptive." Minn. Sent. Guidelines II.F para. 6. If such logic were applied, Holmes' 12–month executed gross misdemeanor sentence would run concurrently to his executed 66–month felony sentence.

Holmes asserts that "under the Minnesota Sentencing Guidelines, an offender's criminal history score is amended when a consecutive sentence is imposed." Holmes essentially argues that consecutive sentencing under section 169A.28 *must* be classified under the guidelines as either presumptive, permissive, or a departure. *See* Minn. Sent. Guidelines II.F. Holmes argues that section 169A.28 is best read to provide for a presumptive consecutive sentence because a consecutive sentence under section 169A.28 does not fit the definition of a permissive sentence or a departure.

We agree with Holmes' assertion that consecutive sentencing under section 169A.28 cannot be classified as a departure because it is statutorily mandated. However, we do not agree with Holmes' assertion that consecutive sentencing under section 169A.28 *must* be imposed as either a presumptive or a permissive consecutive sentence. Neither the text nor the comments to section II.F address consecutive sentencing under section 169A.28 as a case in which either a presumptive or a permissive consecutive sentence may be imposed. *See* Minn. Sent. Guidelines cmts. II.F.01–.06. Section 169A.28 is not referenced directly or indirectly in the comments. Presumptive consecutive sentencing, which the court of appeals applied, is limited to cases where "the conviction is for a crime committed by an offender serving or on supervised release, or on escape status from, an executed prison sentence." Minn. Sent. Guidelines II.F para. 4 (2003). Permissive consecutive sentencing is even more limited to very specific situations that also do not apply in this case. *Id.* para. 8.

The statutory mandate of section 169A.28, subdivision 1, is straightforward: a court *shall* impose consecutive sentences for qualifying DWI convictions. Therefore, we hold that the duration of an offender's consecutive sentence imposed under Minn.Stat. § 169A.28, subd. 1, is measured by the offender's criminal history score, which score is not amended downward under Minnesota Sentencing Guidelines II.F because by its terms section II.F does not apply to a mandatory consecutive sentence under Minn.Stat. § 169A.28.[9]

**9.** Section 169A.28 has been amended to allow concurrent sentencing under circumstances similar to those presented by Holmes' case. *See* Act of June 1, 2006, ch. 260, art. 2, § 4, 2006 Minn. Laws ——, ——; *see also* Minn. Sentencing Guidelines Comm'n, *Report to the Legislature* 51–52 (Jan.2006), *http://*

*www.msgc.state.mn.us/Data% 20Reports/LegReportJan06.pdf* (proposing amendments to the sentencing guidelines that would permit concurrent sentencing in a case similar to Holmes' case). We express no opinion about the recent changes and the effect they will

The duration of Holmes' sentence under the guidelines, based on a criminal history score of five, including one custody status point, is 66 months. Holmes' criminal history score is not amended downward under Minn. Sent. Guidelines II.F because by its terms section II.F does not apply to a section 169A.28 sentence. The result is that Holmes must first serve his executed one-year gross misdemeanor sentence, then his executed 66–month felony sentence.

We affirm the court of appeals' determination that Holmes' felony DWI sentence should run consecutively to the executed sentence for the violation of probation imposed on the gross misdemeanor. *Holmes,* 701 N.W.2d at 272 (citing *State v. Klang,* 320 N.W.2d 718, 719 (Minn.1982)). We reverse the court of appeals' application of Minn. Sent. Guidelines II.F to Holmes' consecutive statutory sentence and remand for resentencing consistent with this opinion.

Affirmed in part, reversed in part, and remanded for resentencing.

have on sentencing in future cases similar to Holmes'.