**STATE of Minnesota, Respondent,**

**v.**

**Rashade COLEMAN, Appellant.**

**No. A06–325.**

Court of Appeals of Minnesota.

May 10, 2007.

Lori Swanson, Attorney General, St. Paul, MN, and James C. Backstrom, Dakota County Attorney, Nicole E. Nee, Assistant County Attorney, Hastings, MN, for respondent.

Lisa Lodin Peralta, Joseph S. Frieberg, Chartered, Minneapolis, MN, for appellant.

Considered and decided by WILLIS, Presiding Judge; KLAPHAKE, Judge; and COLLINS, Judge.

## OPINION

COLLINS, Judge.*

Appealing his sentence for multiple current convictions, Appellant Rashade Coleman argues that (1) the district court erred by imposing both a permissive consecutive sentence for his burglary conviction (consecutive to an unexpired prior felony sentence) and a permissive consecutive sentence for criminal sexual conduct (consecutive to the burglary); (2) the court erred by failing to disregard his criminal-history score before determining the duration of the burglary sentence imposed consecutive to his prior unexpired sentence or failing to state reasons specific to the burglary crime justifying a departure; and (3) he was impermissibly sentenced under Minn.Stat. § 609.108 (2002) because it unconstitutionally permitted a judicial finding that a defendant is a patterned sex offender.

Because Minn.Stat. § 609.108 (2002) is not facially unconstitutional, and because the district court did not err by imposing two permissive consecutive sentences, we affirm Coleman's criminal-sexual-conduct sentence. But because Coleman's sentence on the burglary conviction constitutes an upward durational departure for which the district court did not relate departure reasons particular to that offense, if indeed the court intended the departure, we reverse and remand for resentencing.

## FACTS

In October 2002, Coleman was adjudicated delinquent in Ramsey County for second-degree assault, and samples of his DNA were submitted to the state database.

A year later, while burglarizing college dormatory rooms in Ramsey County, Coleman anally, orally, and vaginally raped a woman in one of the rooms. A semen sample was obtained from the victim, and the Minnesota BCA reported a match with Coleman from the DNA database.

In June 2004, before being arrested for the October 2003 Ramsey County offenses, Coleman broke into a house in Dakota County. He discovered a woman and her son asleep. He orally and vaginally raped the woman in front of her child, asked her for money, took them into the basement, and ordered them to stay there until he told them to leave. Semen found on the mother's nightshirt matched Coleman's DNA from the state database.

Following adult certification in Ramsey County, Coleman was prosecuted to convictions of first-degree criminal sexual conduct and first-degree burglary. Coleman subsequently waived a certification hearing in Dakota County and was prosecuted as an adult in the instant case for third-degree criminal sexual conduct, first-degree burglary, and kidnapping. He was sentenced in March 2005 in Ramsey County for the criminal-sexual-conduct and burglary convictions there. On August 12, 2005, Coleman pleaded guilty to the Dakota County charges with the understanding that he could be sentenced to as long as 480 months as a patterned sex offender, consecutive to his Ramsey County sentence. In addition to conceding his status as a patterned sex offender, Coleman admitted each of the numerous aggravating factors alleged in support of the state's motion for an upward durational departure from the sentencing guidelines.

On November 14, 2005, Coleman received a 68–month sentence for the burglary conviction, to be served consecutively to the Ramsey County sentence, and a con-

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

secutive 172–month sentence followed by ten years on conditional release for the criminal-sexual-conduct conviction. The district court imposed and stayed the execution of a presumptively stayed 21–month sentence for the kidnapping conviction, placing Coleman on probation to commence upon completion of supervised release.

## ISSUES

I. Did the district court abuse its discretion by imposing more than one permissive consecutive sentence?

II. Did the district court abuse its discretion by departing upwardly from the presumptive guidelines sentence for the burglary conviction without relating reasons in writing or on the record to this particular offense?

III. On resentencing for the burglary conviction, is the district court limited to imposing a sentence within the presumptive guidelines range?

IV. Was Coleman sentenced under an unconstitutional statute that permitted an upward durational departure based on a judge's finding of enhancement factors?

## ANALYSIS

### I.

█ Coleman argues that the district court erred when it imposed more than one permissive consecutive sentence, contending that the plain language of the guidelines only permits one. "Statutory construction and interpretation of the sentencing guidelines are subject to de novo review by [the appellate] court." *State v. Holmes*, 719 N.W.2d 904, 907 (Minn.2006) (citation omitted).

█ Here, the district court imposed two permissive consecutive sentences. The district court first ordered that Cole-

man's burglary conviction be sentenced consecutively to an unexpired prior sentence, that is, the burglary and criminal-sexual-conduct sentences imposed in Ramsey County. The Minnesota Sentencing Guidelines permit consecutive sentencing for a current felony conviction when there is a qualifying, unexpired, prior felony sentence. Minn. Sent. Guidelines II.F.

Next, the district court imposed a permissive consecutive sentence for Coleman's criminal-sexual-conduct conviction, justified by the fact that the sentence was for one of multiple current qualifying convictions. The Minnesota Sentencing Guidelines state that "[m]ultiple current felony convictions for crimes on the list of offenses eligible for permissive consecutive sentences found in Section VI may be sentenced consecutively to each other." Minn. Sent. Guidelines II.F. Section VI includes each of the three crimes of which Coleman is convicted: First-degree burglary with assault under Minn.Stat. 609.582, subd. 1(c) (2004), third-degree criminal sexual conduct under Minn.Stat. 609.344, subd. 1 (2004), and kidnapping under Minn.Stat. 609.25, subd 1 (2004).

The district court thus imposed two discrete permissive consecutive sentences in sentencing for multiple current convictions, when Coleman had a qualifying unexpired prior sentence. We are unwilling to rule that the court erred in applying more than one of the instances in which the guidelines ordain consecutive sentences as permissive. Minn. Sent. Guidelines II.F.

When, as here, consecutive sentences are permissive under more than one of seven enumerated situations, *id.*, we hold that the purpose of the sentencing guidelines is fulfilled if the offender is sentenced more severely because of having multiple current convictions as well as a prior unexpired felony sentence. Coleman's asser-

tion that the guidelines permit only one type of permissive consecutive sentence at one time is unpersuasive, and the district court did not abuse its discretion by sentencing Coleman consecutively for both the burglary and criminal sexual conduct convictions.

## II.

Coleman next argues that the district court erred when it factored his criminal-history points in determining the 68–month duration of the burglary sentence imposed consecutively to his unexpired Ramsey County sentence. The Minnesota Sentencing Guidelines provide that a zero criminal-history score should be used when permissive consecutive sentences are imposed in order to not exaggerate the defendant's criminality. Minn. Sent. Guidelines II.F & Cmt. II.F.02.

The court sentenced Coleman as follows:

On the burglary in the first degree count I'm committing Mr. Coleman to the Commissioner of Corrections to serve 68 months consecutive to his Ramsey County sentence. On the criminal sexual conduct in the third degree, I'm committing Mr. Coleman to the Commissioner of Corrections to serve 172 months, consecutive to the 68–month commit on the burglary first degree.

The presumptive sentence for first-degree burglary with assault, a severity-level VIII offense, with a criminal-history score of zero is 48 months, the non-departure range being 41–57 months. Minn. Sent. Guidelines IV. It appears from the record that the district court may have inadvertently failed to disregard Coleman's criminal-history score before sentencing for the burglary consecutively to the Ramsey County sentence, because Coleman had two criminal-history points that would otherwise apply and the mid-range sentence for Coleman's burglary conviction with a criminal-history score of two happens to be 68 months. However, we cannot conclusively determine whether the district court intended an 11–month durational departure or whether the court misapplied the criminal history score.

■ Coleman also alleges that the district court erred in departing durationally on the kidnapping sentence by staying execution of the presumptive 21–month sentence for 20 years. However, we find no error, because the maximum penalty for kidnapping under Minn.Stat. § 609.25, subd. 2(1) (2004), is imprisonment for not more than 20 years. Under Minn.Stat. § 609.135, subd. 2 (2004), a stay of execution for an offense may be for the maximum period for which the sentence of imprisonment may be imposed, and there was no departure in staying execution of Coleman's sentence for 20 years. The guidelines provide presumptive durations for prison terms. *See* Minn. Sent. Guidelines IV. There are no presumptive durations for probationary periods. *Id.,* III. A.2.

## III.

■ Coleman argues that no sentence greater than the presumptive guidelines sentence may be imposed if the sentence for his burglary conviction is reversed, because the district court failed to give sufficient justification on the record at the time of sentencing for the departure as required by the sentencing guidelines. The guidelines provide that when departing from the presumptive sentence, a judge must provide written reasons or findings on the record that specify the substantial and compelling nature of the circumstances. Minn. Sent. Guidelines II.D. Here, the sentencing court stated the following reasons on the record for the departure from the presumptive guidelines sentence:

With regard to why I'm imposing these sentences, I believe that the victim was particularly vulnerable, and that she was assaulted in the bedroom of her own home, and that her young son was in bed with her. I believe that she was put in a position of being unable to fight for her own safety out of fear that her son would also be hurt.

I believe that the conduct was particularly cruel in that it occurred within the victim's zone of privacy, her own home, her own bedroom, her own bed, and also that her little son was present and was clinging to her and crying while she was being assaulted.

... I believe that the crimes committed have caused psychological harm to this victim, and that harm will continue for the foreseeable future, and that she has experienced and is experiencing depression, sleeplessness, and is currently involved in rape survivors counseling. And I encourage her to continue to do that.

Multiple acts of penetration were committed by Mr. Coleman, both oral and vaginal. The defendant has admitted at a previous hearing that he knows he meets the criteria of a pattern sex offender. The defendant admitted at a prior hearing and again today that he needs sex offender treatment. The defendant has previously admitted that without sex offender treatment he's at high risk to reoffend.

Dr. Marston's evaluation, Dr. Reitman's evaluation, and the presentence investigation all state that Mr. Coleman is at high risk to reoffend even if he successfully completes sex offender treatment. I believe that the criminal activity here was motivated by sexual impulses and were part of a pattern of predatory behavior with criminal sexual conduct as its goal.

These reasons focus primarily on Coleman's criminal sexual behavior, and while the sentencing court may have intended to cross-apply some of the same reasons in support of departure on the burglary sentence, the court did not expressly do so. Separate reasons for departure are required for each offense on which a departure is imposed, and those reasons must relate to the particular offense on which that departure is imposed. *State v. Richardson*, 670 N.W.2d 267, 285 (Minn.2003).

■ Concerned with the lack of compliance with the guidelines requirement that reasons for departure must be given on the record, in *Williams v. State* the supreme court provided rules for reviewing courts to follow when enforcing the requirement that sentencing courts state their reasons justifying a departure from the presumptive sentence:

1. If no reasons for departure are stated on the record at the time of sentencing, no departure will be allowed.

2. If reasons supporting the departure are stated, this court will examine the record to determine if the reasons given justify the departure.

3. If the reasons given justify the departure, the departure will be allowed.

4. If the reasons given are improper or inadequate, but there is sufficient evidence in the record to justify departure, the departure will be affirmed.

5. If the reasons given are improper or inadequate and there is insufficient evidence of record to justify the departure, the departure will be reversed.

361 N.W.2d 840, 844 (Minn.1985). But the supreme court later noted that the *Williams* guidelines led to two conflicting lines of cases from this court: "In one line of cases, the court of appeals has given the sentencing judge an opportunity to provide reasons for departure on remand when the

judge fails to provide reasons on the record at the time of sentencing. In the other line of cases, it has not permitted departure." *State v. Geller*, 665 N.W.2d 514, 517 (Minn.2003) (citations omitted). The court reaffirmed *Williams* to conclude that "absent a statement of the reasons for the sentencing departure placed on the record at the time of sentencing, no departure will be allowed. As we discussed in *Williams*, this rule is consistent with the requirements of the sentencing guidelines and necessary to ensure compliance with them." *Id. Geller* specifies that the reasons for departure cannot be "given after the fact" and must instead be put on "the record at the time of sentencing." *Id.*

As we have already observed, the court's narrative in support of the sentences in this case focuses on the sexual-conduct crime and amply justifies the durational departure for that conviction. Moreover, considering the nature and extent of his acts, we cannot say that the aggregate duration of Coleman's sentence is necessarily unjust or unfairly exaggerates the criminality of his conduct. *See State v. Hough*, 585 N.W.2d 393, 397 (Minn.1998). Coleman conceded, and we agree, that some of the stated reasons for departure could also have been cross-applied to his burglary conviction, such that the sentencing court could have justified a 68–month sentence if departure was intended. But because the sentencing statement is insufficiently specific as to the burglary, we must reverse and remand for resentencing on this part of Coleman's sentence. We conclude that the district court may fulfill the cautionary guidelines set forth in *Williams*, as well as *Geller*'s intention of guiding the district court upon remand for resentencing, by imposing a burglary sentence within the non-departure range of 41–57 months, or up to 68 months if the departure is supported by departure reasons stated on the existing record applicable to the burglary.

## IV.

Coleman also challenges the constitutionality of his sentencing under Minn. Stat. § 609.108 (2002), governing patterned and predatory sex offenders, contending that the statute is unconstitutional under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), because it allows for the district court, and not a jury, to find the existence of sentencing enhancements.

Coleman pleaded guilty to third-degree criminal sexual conduct and waived his right to a jury trial on all issues, including whether he was a patterned sex offender, but now argues that he was sentenced under a facially unconstitutional statute. Coleman acknowledges that he waived his right to have a jury determine factors related to an increased sentence, but urges this court to find that section 609.108 is facially "unconstitutional because it permitted an upward durational departure based on a judge's finding of enhancement factors." We disagree.

In *State v. Boehl*, 726 N.W.2d 831, 839–41 (Minn.App.2007), we painstakingly discussed the application of the legislative amendments to enhancement statutes, prior to their enactment date on August 1, 2005, so that a district court may comply with the Sixth Amendment right to a jury determination on aggravating factors, specifically the patterned-sex-offender enhancement under Minn.Stat. § 609.1352, subd. 1 (1996) (subsequently codified at Minn.Stat. §§ 609.108, subd. 1 (1998), 609.3455, subd. 3a (2006)). We did not find that this statute is facially unconstitutional, but noted, consistent with the decisions in *State v. Chauvin*, 723 N.W.2d 20 (Minn. 2006), and *State v. Kendell*, 723 N.W.2d 597 (Minn.2006), that

the legislature has remained silent regarding how a district court may fulfill this statutory mandate in a constitutional manner because it has not provided guidance as to the proper sentencing procedure for patterned sex offenders who committed their offenses before August 1, 2005, but are sentenced after the *Blakely* decision. Absent such guidance, empaneling a resentencing jury to effectuate the legislature's intent falls within the judiciary's unique functions while safeguarding [the appellant's] Sixth Amendment rights.

*Boehl*, 726 N.W.2d at 839.

■ Since the enhancement statute is not facially unconstitutional, and Coleman had the opportunity to empanel a sentencing jury, Coleman's Sixth Amendment rights were safeguarded, and the district court proceeded correctly by imposing an enhanced sentence based only on aggravating factors that Coleman admitted. *See United States v. Booker*, 543 U.S. 220, 244, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005) ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.").

Here, the court used a number of aggravating factors that Coleman conceded were true to justify an upward departure; only one of which is his admission to being a patterned sex-offender. Coleman admitted that his actions were "motivated by sexual impulses and were part of a pattern of predatory behavior with criminal sexual conduct as its goal." He also conceded that he committed the crime with particular cruelty because it was within the victim's zone of privacy and her child was present, and that the victim was particularly vulnerable for similar reasons.

There was no issue of whether these findings should have been made by a sentencing jury, as Coleman specifically waived a jury during his guilty plea, and the court did not rely on any information outside of Coleman's prior convictions, the information provided in his plea, and his admissions during the plea hearing to justify the departure. Though we reverse and remand for resentencing on the burglary conviction, we hold the district court did not err by sentencing Coleman as a patterned sex offender, when he waived his right to a sentencing jury and admitted the requisite aggravating factors.

## DECISION

■ Under the Minnesota Sentencing Guidelines, the district court may impose more than one permissive consecutive sentence when a defendant's multiple current offenses meet the criteria for permissive consecutive sentences, and, therefore, the district court did not err by imposing two separate permissive consecutive sentences. However, because we cannot conclusively determine whether the sentencing court intended to impose an upward durational departure for Coleman's burglary conviction, or merely erred in not disregarding his criminal-history score, we reverse and remand that part of the sentence. Upon resentencing, the district court may either express the duration of the burglary sentence within the non-departure range of 41–57 months, or up to 68 months supported by departure reasons stated on the record at the time of Coleman's original sentencing and applicable to the burglary.

**Affirmed in part, reversed in part, and remanded.**