*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2136**

State of Minnesota,
Respondent,

vs.

Erik Alan Vacek,
Appellant.

**Filed September 29, 2014
Affirmed
Kirk, Judge**

Kanabec County District Court
File No. 33-CR-11-281

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Barbara McFadden, Kanabec County Attorney, Reese Frederickson, Assistant County Attorney, Mora, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Richard Schmitz, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Stauber, Presiding Judge; Hudson, Judge; and Kirk, Judge.

**KIRK**, Judge

Appellant challenges his 180-day consecutive sentence for a driving-while-impaired (DWI) offense, arguing that the district court erred by: (1) imposing a consecutive sentence after it failed to specify whether the sentence was concurrent or consecutive to a prior DWI sentence; and (2) violating his due process rights. We affirm.

**FACTS**

In August 2011, respondent State of Minnesota charged appellant Erik Alan Vacek in Kanabec County with third-degree DWI, in violation of Minn. Stat. § 169A.20, subd. 1(2) (2010). In November, the state charged appellant in Itasca County with third-degree DWI, in violation of Minn. Stat. § 169A.20, subd. 1(5) (2010). In March 2012, appellant pleaded guilty to third-degree DWI in Itasca County and that same day the district court sentenced him to 365 days, stayed, and placed him on supervised probation.

In May 2012, a Kanabec County jury convicted appellant of third-degree DWI. In July, the district court sentenced appellant to 180 days, stayed 166 days, and placed him on supervised probation for three years. The district court did not state on the record or in the warrant of commitment whether appellant's sentence was concurrent or consecutive to his Itasca County sentence.

In March 2013, appellant's Itasca County probation officer filed a probation-violation report alleging that appellant failed to submit to random drug testing and tested positive for a controlled substance. The next day, appellant's probation officer in Kanabec County filed a probation-violation report based on his alleged probation

violations in Itasca County. The Itasca County District Court determined that appellant's conduct violated the terms of his probation and executed appellant's stayed 365-day sentence.

In June 2013, the Kanabec County District Court held a probation-violation hearing. Appellant was represented by counsel. The parties disputed whether appellant should serve his stayed Kanabec County sentence consecutive or concurrent to his Itasca County sentence. Appellant argued that under Minn. Stat. § 609.15 (2010), the district court's failure to specify in its July 2012 sentencing order whether appellant's stayed sentence was consecutive or concurrent meant that the sentence was concurrent to his Itasca County sentence. The prosecutor disagreed, arguing that Minn. Stat. § 169A.28, subd. 1(a)(1) (2010), required that the district court impose a consecutive sentence because appellant's DWI convictions under Minn. Stat. § 169A.20 (2010) arose out of separate courses of conduct. The district court acknowledged on the record that the July 2012 warrant of commitment did not specify whether appellant's sentence was concurrent or consecutive to his Itasca County sentence and that it needed to conduct more research to ascertain the controlling statute.

Despite the uncertainty over the status of appellant's sentence, appellant waived all rights and advisories under Minn. R. Crim. P. 27.04 and requested that the district court execute his stayed 180-day sentence concurrent with his Itasca County sentence. The district court clarified appellant's request as follows:

> [DISTRICT COURT]: All right. If [appellant] still intends to proceed, I guess he will need to understand that I will have to make my determination of whether [the sentence] will be

3

consecutive under 169A.28 or concurrent under 609.15, I would make that determination and give the parties a little bit of time to brief which particular section is controlling. . . . [Appellant], with that understanding, do you still wish to proceed today?

[APPELLANT]: Yes, Your Honor.

[DISTRICT COURT]: In other words, entering an admission to the probation violation and demanding an executed sentence and ultimately I'll have to determine whether that's consecutive or concurrent from a legal standpoint. Do you understand that?

[APPELLANT]: Yes.

The district court asked appellant whether he understood that if he demanded an executed sentence, he would forego the opportunity to have a contested probation-violation hearing where the state would have to prove with clear and convincing evidence that he violated his probation. Appellant replied that he understood. Appellant also affirmed that while he was not admitting to the probation violation, he had been given adequate time to consult with his attorney about the sentence, waived his rights to a contested probation-violation hearing, and demanded that his sentence be executed.

The district court found that appellant's waiver was knowing, intelligent, and voluntary and executed appellant's sentence. The district court allowed the parties to submit briefs on the sentencing issue.

In an order filed on July 11, the district court concluded that section 169A.28, subdivision 1, mandated that it sentence appellant consecutively because he was already serving a sentence for a different DWI offense under section 169A.20. Appellant moved for reconsideration, which the district court denied. Appellant appealed both the district court's July 11 order and its denial of the motion to reconsider.

4

This court denied appellant's appeal of the district court's July 2012 order as untimely under Minn. R. Crim. P. 28.02, subd. 3. This court also denied appellant's appeal of the district court's motion to reconsider, but construed the appeal as a timely postconviction appeal.

## D E C I S I O N

**I.      This court has authority to modify appellant's sentence, and appellant's postconviction petition is not *Knaffla* barred.**

As an initial matter, the state argues that this court does not have authority to modify appellant's sentence because it has expired. But this court has the authority to amend appellant's sentence because he initiated his postconviction appeal before his sentence had expired. *See State v. Hannam*, 792 N.W.2d 862, 864 (Minn. App. 2011) (stating that "[o]nce an inmate completes the terms of imprisonment and supervised release, the inmate's sentence expires"); *State v. Purdy*, 589 N.W.2d 496, 498 (Minn. App. 1999) (noting that "the court loses jurisdiction to modify a sentence once the sentence has expired").

We also reject the state's claim that appellant's postconviction petition is procedurally barred under *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976), because this court has not yet addressed the underlying merits of his claims. *See* Minn. Stat. § 590.04, subd. 3 (2012) (stating that the court may summarily deny a second or successive petition when the issues raised in it have been previously *decided* by this court or the supreme court in the same case); *see also Lynch v. State*, 749 N.W.2d 318, 321 (Minn. 2008) (stating that the Minnesota Supreme Court "*addressed* and *decided* this

precise issue on direct appeal and denied relief. . . . [t]hus, we conclude that the claim is barred by *Knaffla*" (emphases added)).

**II.    The district court did not err by imposing a consecutive sentence.**

A court may at any time correct a sentence that is not authorized by law. Minn. R. Crim. P. 27.03, subd. 9. "Whether a statute has been properly construed . . . is a question of law subject to de novo review." *State v. Gilbert*, 634 N.W.2d 439, 441 (Minn. App. 2001), *review denied* (Minn. Dec. 11, 2001).

Appellant argues that the Kanabec County District Court's failure to specify in its July 2012 order whether appellant's sentence was to run concurrently or consecutively to his Itasca County sentence necessitates that the sentences run concurrently under Minn. Stat. § 609.15, subd. 1. We disagree. The district court properly amended appellant's July 2012 sentence to conform to the requirements of section 169A.28, subdivisions 1(a)(1) and 1(a)(2). In support of its conclusion, the district court cited *Gilbert*, where the appellant pleaded guilty to two separate DWI offenses in two counties and challenged the district court's execution of a previously imposed but partially stayed sentence consecutive to a later-executed sentence that was imposed in the other county. 634 N.W.2d at 440-41. In *Gilbert*, this court held that while section 609.15 establishes that unspecified sentences are to be served concurrently, section 169A.28, subdivision 1, carves out a narrow exception mandating the imposition of consecutive sentences for DWI offenses under section 169A.20. *Id.* at 442.

We agree with the district court that *Gilbert* is controlling in this case. Here, appellant committed two DWI crimes that arose out of separate courses of conduct. At

the time the Kanabec County District Court sentenced him, he was serving an executed sentence for DWI in Itasca County. As the Kanabec County District Court was the later-sentencing court, it was required to impose a consecutive sentence to the Itasca County sentence in order to comply with the statutory requirements of section 169A.28, subdivisions 1(a)(1) and 1(a)(2).

### III. Appellant's due process rights were not violated when the district court imposed a consecutive sentence.

Whether a due process violation has occurred is a question of constitutional law that this court reviews de novo. *State v. Grigsby*, 806 N.W.2d 101, 111 (Minn. App. 2011), *aff'd*, 818 N.W.2d 511 (Minn. 2012). "The United States and Minnesota Constitutions, through their due process clauses, 'ensure that sentencing proceedings observe the standards of fundamental fairness essential to justice.'" *State v. Calmes*, 632 N.W.2d 641, 645 (Minn. 2001) (quoting *State v. Humes*, 581 N.W.2d 317, 320 (Minn. 1998)). "[D]ue process may be violated when a defendant's sentence is enhanced after the defendant has developed a crystallized expectation of finality in the earlier sentence." *Id.* "In sentencing proceedings, due process requires that a defendant have notice, an opportunity to be heard, and an opportunity to confront and cross-examine witnesses." *State v. Kortkamp*, 560 N.W.2d 93, 96 (Minn. App. 1997). Minn. R. Crim. P. 27.04 outlines a probationer's basic procedural protections, in probation-revocation proceedings, including the right to counsel.

Appellant argues that the district court violated his due process rights when it imposed a consecutive sentence after the probation-violation hearing because he had a

"crystallized expectation" in the finality of his sentence. The record clearly shows that it was impossible for appellant to have developed a "crystallized expectation" in the finality of his sentence because the district court told him on the record that it did not know whether his executed sentence would be concurrent or consecutive to his Itasca County sentence. Appellant acknowledged on the record that this was an outstanding issue, but continued to insist that the district court execute his sentence. Moreover, appellant has the right to refuse probation and insist on the execution of his sentence. *State v. Randolph*, 316 N.W.2d 508, 510 (Minn. 1982).

Appellant also broadly asserts that his waiver of the right to a contested probation-violation hearing was not accurate, intelligent, or voluntary because a probation hearing is too remote in time to allow a court to modify a sentence, and "the stakes are too serious." But appellant points to no caselaw in support of his claim.

In *Morrissey v. Brewer*, 408 U.S. 471, 485-87, 92 S. Ct. 2593, 2602-03 (1972), the United States Supreme Court held that at the preliminary parole-revocation hearing, a parolee is entitled to notice of the alleged parole violations, an opportunity to appear and to present evidence, a conditional right to confront the government's witnesses, an independent decision-maker, and a written report of the hearing. The "minimum requirements of due process" applicable to the final revocation hearing are substantially similar. *Morrissey*, 408 U.S. at 489, 92 S. Ct. at 2604.

Applying the due process standards of *Morrissey* and Minn. R. Crim. P. 27.04, the district court did not violate appellant's due process rights because appellant had notice

of the alleged probation violation and the opportunity to request a contested probation-violation hearing.

**Affirmed.**