STATE of Missouri, Respondent,

v.

James LINE, Appellant.

No. 45816.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 26, 1983.

Motion for Rehearing/Transfer to Supreme Court Denied Sept. 15, 1983.

Application to Transfer Denied Oct. 18, 1983.

Terry Lee Witte, Vandalia, for appellant.

Kristie L. Green, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Jury conviction of attempt to commit robbery in the first degree. Defendant was sentenced as a dangerous offender to 25 years imprisonment. We affirm.

The defendant made the unfortunate choice of attempting to rob Brooks Suter, co-proprietor of Suter Brothers Texaco Station in Jonesburg, Missouri. The evidence favorable to the state shows defendant, wearing a ski mask, came into the station carrying a loaded, sawed-off, double-barreled shotgun and demanded money from Suter. Defendant came out on the short end of the scuffle with Suter for the shotgun. Defendant fled with an injured head and no money.

Defendant also made an unfortunate choice in the selection of his companion. His companion told all in exchange for a 15 year sentence on a guilty plea. His sentence was to run concurrently with a previous conviction.

Defendant essentially argues the Sixth Amendment rights to counsel, *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), and to self-representation, *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) include the right to act as co-counsel in one's own case. At no time did defendant express a desire to waive counsel or in any way allege incompetence

on the part of his appointed counsel. Defendant wanted to be named co-counsel so he could personally cross-examine his accomplice who appeared as a witness for the state. He suggests he could have done a better job, given his familiarity with the facts, and claims he was prejudiced by the court's refusal to allow him to personally handle the cross-examination of his accomplice.

■ Given the fact the defendant has not waived counsel, the decision to allow appellant to participate in his trial, rests within the sound discretion of the trial court. *State v. Johnson,* 586 S.W.2d 437, 443 (Mo. App.1979). While a criminal defendant has a right to represent himself or, alternatively, to be represented by counsel, the Sixth Amendment has never been read to include a right to participate as co-counsel. *Id; U.S. v. Wolfish,* 525 F.2d 457 (2nd Cir.1975), cert. den. 423 U.S. 1059, 96 S.Ct. 794, 46 L.Ed.2d 649 (1976); *U.S. v. Williams,* 534 F.2d 119, 123 (8th Cir.1976), cert. den. 429 U.S. 894, 97 S.Ct. 255, 50 L.Ed.2d 177 (1976).

The defendant next complains there was insufficient evidence upon which to qualify the state's expert to interpret gun residue tests performed by the state. In the scuffle between Suter and defendant, the two shells in the double-barreled shotgun were successfully fired. By gun residue testing, the state was able to show defendant had handled a recently discharged firearm.

■ The state's expert testified he had a bachelor of science degree in chemistry and a master of science degree in analytical biochemistry. Moreover, he had been a criminalist for the State Crime Lab for 8½ years and had completed additional course work at two other universities and the FBI Academy. He had analyzed in excess of 100 gun shot residue tests and had been associated with more than 500 other such analyses. The court acted well within its discretion in determining state's expert was qualified by education, training and experience. *State v. Perryman,* 520 S.W.2d 126, 130 (Mo.App.1975).

Defendant next assigns error to the trial court in its sustaining prosecutor's objection to a question posed to a defense witness. Defense counsel was attempting to elicit from an ambulance attendant, assigned to pick up the defendant the night of his arrest, whether or not in her opinion defendant would have been able to do much running the night of his arrest. State objected to the question claiming it called for a medical conclusion witness was not qualified to give. The objection was sustained. The defendant claims he was prejudiced by the exclusion of the testimony as it was necessary to impeach the credibility of two witnesses who testified to seeing defendant, just prior to his arrest, run or stagger for a short distance before collapsing.

■ The ambulance attendant was a paramedic. She had one year of training at a community college and she had 2½ years experience as an ambulance driver. She was allowed to testify as to what she observed the night she retrieved defendant. We find no abuse of discretion in the court's refusal to allow her to offer a medical conclusion as to defendant's ability to run. *State v. Shipman,* 568 S.W.2d 947, 951 (Mo. App.1978).

■ Defendant also claims error in the prosecutor's opening statement reference to evidence he said he would prove at trial, but did not. During his opening statement, the prosecutor told the jury that the victim "will tell you that the would-be robber was wearing boots, blue jeans, and a checkered, flannel shirt...." This evidence was later adduced at trial. The prosecutor also told the jury that the Wentzville Police officer who chased the getaway car was scheduled to testify. The prosecutor said, "I believe he will testify that ultimately after chasing the vehicle, ... that the man who got out of the passenger's side was carrying a checkered shirt that he believed to be of a flannel type." When the police officer was asked at trial what defendant was carrying when he left the vehicle, the police officer stated that he could not tell what it was. There was no showing of bad faith on the part of the prosecutor in making this statement and no reversible error. *State v. Browner,* 587 S.W.2d 948, 953 (Mo.App. 1979).

Finally, defendant objects to the prosecutor's statements that the man who committed the attempted robbery was the defendant. These statements were made while the prosecutor was delivering his opening statement and while examining victim regarding the attempted robbery. Defendant says the references were prejudicial error since no evidence identifying defendant as the assailant had as yet been introduced at trial. There was no error in the opening statement because evidence had to show defendant committed the attempted robbery if the state was to make a submissible case. *State v. Turner,* 633 S.W.2d 421, 425 (Mo.App.1982); See generally, *State v. Jackson,* 499 S.W.2d 467, 471 (Mo.1973) (A belief of guilt may be stated where it is fairly apparent the opinion is based on evidence). Any error in reference to defendant as the robber while the prosecutor was examining the victim was harmless in light of the ample evidence of guilt adduced at trial. *State v. Fleming,* 577 S.W.2d 174, 177 (Mo.App.1979).

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.