**STATE of Minnesota, Respondent,**

v.

**Gerald RASINSKI, Appellant.**

**No. C0–94–2406.**

Court of Appeals of Minnesota.

Feb. 14, 1995.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael LaFleur, New Hope City Prosecutor, Brooklyn Park, for respondent.

John M. Stuart, State Public Defender, Joanne M. Yanish, Asst. Public Defender, Minneapolis, for appellant.

Considered at Special Term and decided by SIMONETT, C.J., LANSING and KLAPHAKE, JJ.

## SPECIAL TERM OPINION

SIMONETT, Chief Judge.

This is an expedited sentencing appeal from an order denying Gerald Rasinski's motion for correction of his gross misdemeanor sentence from consecutive to concurrent service. We reverse, and by separate order, we have remanded for recalculation of Rasinski's release date.

### FACTS

Gerald Rasinski pleaded guilty to one count of gross misdemeanor DWI. There was no agreement stated on the record as to the sentence to be imposed. The trial court sentenced Rasinski to one year in the Hennepin County Adult Correctional Facility, granted him 44 days of jail credit and denied his request for work release privileges.

At sentencing, the trial court did not state whether the gross misdemeanor sentence was concurrent with or consecutive to Rasinski's previously imposed felony prison sentence. A warrant of commitment was issued, indicating that the one-year sentence was consecutive to Rasinski's felony sentence.

Rasinski moved to correct his sentence to one running concurrently with the felony sentence. The trial court denied the motion.

### ISSUE

If a sentencing court fails to state on the record whether multiple sentences are concurrent or consecutive, may a defendant successfully argue that the statutory presumption of concurrent sentences applies?

### ANALYSIS

Where multiple sentences are involved, Minnesota law provides that

> the court in the later sentences shall specify whether the sentences shall run concurrently or consecutively. *If the court does not so specify, the sentences shall run concurrently.*

Minn.Stat. § 609.15, subd. 1 (1992) (emphasis added). In addition, at the time sentence is imposed, the trial court is required to "state

the precise terms of the sentence." Minn. R.Crim.P. 27.03, subd. 4(A); *see State v. Wakefield,* 263 N.W.2d 76, 78 (Minn.1978) ("precise terms of the sentence" includes whether multiple sentences are to run concurrently or consecutively).

Rasinski contends that because the trial court did not state on the record at sentencing that the sentence imposed would be consecutive to his felony sentence, it must be treated as a concurrent sentence. Rasinski argued that the statutory presumption applied because there had been no statement of consecutive sentences at the time of sentencing. In rejecting this argument, the trial court cited in-chambers discussions, the warrant of commitment, and the denial of work release privileges (an arguably unnecessary reference if the sentence was concurrent). The record also includes an affidavit, submitted by the prosecutor, reflecting that the court, in chambers, stated that the sentence would be consecutive and that defense counsel had acknowledged this.

While the warrant of commitment, the denial of work release privileges, and the in-chambers discussion may have reflected the trial court's intent, the statute requires that the court specify whether a consecutive or concurrent sentence is being · imposed. Minn.Stat. § 609.15, subd. 1. Off-the-record discussions and a denial of work release do not satisfy the statutory requirement. *Cf. State v. Ciurleo,* 471 N.W.2d 119, 121 (Minn. App.1991) (off-the-record comments by trial judge do not make pretrial probable cause dismissal appealable as based on a legal determination). Neither is the warrant of commitment a substitute for a judicial pronouncement of the sentence on the record as being consecutive or concurrent. The statutory presumption cannot be circumvented by later modification. · *State v. Isaacson,* 409 N.W.2d 291, 293 (Minn.App.1987).

For purposes of Minn.Stat. § 609.15, subd. 1, the court's formal on-the-record pronouncement of sentence is controlling.

## DECISION

The failure to pronounce a consecutive sentence on the record at sentencing makes Rasinski's sentence concurrent by statutory presumption.

**Reversed and remanded.**