**STATE of Missouri, Respondent,**

v.

**Tonya SMALLWOOD, Appellant.**

No. ED 88778.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 21, 2007.

Irene Karns, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joan E. Reed, Jefferson City, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Tonya Smallwood ("Defendant") appeals from the judgment entered after a jury convicted her of distribution of a controlled substance in violation of section 195.211 RSMo 2000, for which she received a term of 100 months' imprisonment as a persistent misdemeanor offender. Defendant contends that the trial court plainly erred by failing to declare a mistrial *sua sponte,* based on an allegedly improper opening statement by the State. Finding no error, we affirm.

Viewed in the light most favorable to the verdict, the facts are as follows. On February 24, 2005, a confidential informant ("Informant") went to the home of Defendant, whom he knew. Informant sought to purchase crack cocaine from Defendant. Defendant made a phone call. Another individual arrived at Defendant's home shortly thereafter. Informant gave Defendant $50.00 in "buy" money that police had supplied to him. Defendant took the money, went into another room, returned and gave Informant a bag containing crack cocaine. Informant left, met with police, and gave them the bag containing the cocaine.

Defendant had a jury trial on July 14, 2006. During the State's opening statement, defense counsel objected numerous times that the State was making improper, argumentative statements. The trial court sustained a number of these objections,

and warned the State that it was arguing the case and that the State needed to stop doing that or the trial court was "going to cut you off[.]" Defense counsel did not move for a mistrial. The jury convicted Defendant of distribution of a controlled substance, and the trial court subsequently sentenced her to 100 months' imprisonment as a persistent misdemeanor offender. Defendant now appeals.

Defendant contends in her sole point relied on that the trial court plainly erred in not declaring a mistrial *sua sponte* based on the State arguing its case in its opening statement, even though the trial court sustained most of her objections. Defendant claims the remedy was insufficient given that the argumentative statements were heard by the jury and the State persisted in making such arguments until warned by the trial court. Defendant also asserts that the State further invaded the province of the jury by vouching for the credibility of two of its witnesses in its opening statement, thereby predisposing the jurors to find her guilty, resulting in manifest injustice.

■■■ Defendant concedes that this claim of error was not preserved properly, and requests that this Court engage in plain error review. Plain error review under Rule 30.20 involves a two-step process. *State v. Graves*, 27 S.W.3d 806, 810 (Mo.App.2000). First, this Court determines whether plain error has occurred, i.e., whether the claim for review facially demonstrates substantial grounds for believing that a miscarriage of justice or manifest injustice has resulted. *Id.* If we find plain error on the face of the claim for review, we have discretion to undertake the second step of the process: determining if the claimed error actually resulted in a miscarriage of justice or manifest injustice. *Id.* Manifest injustice depends on the circumstances and facts of the particular case. *Id.* Where a defendant's guilt is

established by overwhelming evidence, no injustice or miscarriage of justice will result from a refusal to invoke the rule. *Id.*

■■■ The main purpose of an opening statement is to inform the judge and jury of the general nature of the case, so they may appreciate the significance of the evidence as it is presented. *State v. Thompson*, 68 S.W.3d 393, 394 (Mo. banc 2002). Opening statements are limited to provable factual statements, and argument is improper. *Id.* The scope of opening statements is within the trial court's discretion. *State v. Gilbert*, 103 S.W.3d 743, 751 (Mo. banc 2003). It is permissible for the prosecutor to make an opening statement that is conclusionary in nature to the effect that the State would prove that a defendant committed the charged crime. *See State v. Cobb*, 484 S.W.2d 196, 202 (Mo. banc 1972). It is also permissible for the prosecutor to say in the opening statement that the defendant committed the charged crime because the evidence has to show that the defendant committed the charged crime if the State is to make a submissible case. *See State v. Line*, 657 S.W.2d 674, 677 (Mo.App.1983) (*citing State v. Jackson*, 499 S.W.2d 467, 471 (Mo. banc 1973)).

■■■ Defendant in particular complains of the State's remark that "You will learn that [Defendant] is a drug dealer." She argues that this comment "effectively directed the verdict." This argument has no merit, for all that the State did was to say that Defendant committed the charged crime, which is permissible. *See id.* Defendant also contends that the State improperly vouched for the credibility of two witnesses who were police officers by saying "These are highly trained task force law enforcement officials[,]" and

[Detective Mark Bouyea] has over fourteen years experience in drug enforcement. He works for the task force. He has been undercover. He has a vast

amount of experience in the field of drug enforcement. Not only is that important to you, he knows that defendant and he has known her since grade school. He's going to testify to you that he does know her and that he recognizes her voice on this tape.

Detective Bouyea in fact testified to these things regarding his experience and his long acquaintance with Defendant, whom he identified in court. The evidence further showed that the police officers who testified in the case have considerable experience and training.

This Court finds that no manifest injustice or miscarriage of justice resulted from the opening statement of the State. This is especially true because the statements that Defendant particularly complains about were supported by evidence at trial; "the trial court instructed the jury at the outset of trial that opening statements were not to be considered evidence; and in light of the fact that the impact of an opening statement diminishes after introduction of evidence, instructions, and closing argument." *State v. Hutchison*, 957 S.W.2d 757, 765 (Mo. banc 1997) (citations omitted). Because we find no manifest injustice or miscarriage of justice, we do not review for plain error. *Id.* Point denied.

The judgment of the trial court is affirmed.

ROY L. RICHTER and GLENN A. NORTON, JJ., concur.