STATE ex rel., Anthony
ZINNA, Relator,

v.

Troy STEELE, Warden, Respondent.

No. SC 90000.

Supreme Court of Missouri,
En Banc.

Jan. 12, 2010.

John E. Cozean, Shaun D. Hanschen, Blanton, Rice, Nickell, Cozean & Collins, L.L.C., Sikeston, for relator.

Chris Koster, Attorney General, Caroline M. Coulter, Stephen D. Hawke, Assistant Attorneys General, for respondent.

LAURA DENVIR STITH, Judge.

On March 14, 2003, Anthony Zinna pleaded guilty to possession of a controlled substance in a correctional facility and received a five-year sentence. Although the trial court had indicated at the sentencing hearing that it would make that sentence consecutive to the sentences Mr. Zinna then was serving, its oral pronouncement of sentence was silent as to whether the sentence would be concurrent or consecutive. Rule 29.09 provides that when the trial court does not state whether a sentence will be concurrent or consecutive, it is concurrent. Nonetheless, the trial court's written judgment stated that the sentence was consecutive. Mr. Zinna sought habeas corpus relief in this Court. The State argues that relief should not be granted because this Court should look to the oral pronouncement the trial court intended to make rather than the oral pronouncement of sentence it in fact made. The State also argues that Mr. Zinna has not demonstrated an adequate excuse for

failing to raise this issue in a motion filed under Rule 24.035.

██ This Court granted the petition for writ of habeas corpus, and after hearing it now orders Mr. Zinna's release from this sentence. A reviewing court will look to the sentencing transcript to determine the meaning of a trial court's oral pronouncement of sentence only where that oral pronouncement is ambiguous. Here, there was no ambiguity, for the pronouncement was silent as to whether the sentence was concurrent or consecutive, and Rule 29.09 expressly provides that in such a case the sentence is concurrent. The statement in the later written judgment that the sentences were consecutive was inconsistent with this oral pronouncement.

Mr. Zinna is entitled to habeas relief despite having failed to file a Rule 24.035 motion because he has met the standard for habeas relief in that the trial court's sentence was entered in excess of its authority. As Mr. Zinna is entitled to relief, he is discharged from continuing to serve this sentence.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 14, 2003, Anthony Zinna appeared before the St. Francois County Circuit Court in Case No. 02CR615004 for a guilty plea and sentencing hearing. The State charged Mr. Zinna under section 217.360.1(1)[2] with one count of possession of a controlled substance in a correctional facility, a class C felony. At the time of the plea hearing, Mr. Zinna was serving several other sentences, the last of which was scheduled to expire August 20, 2007.

During the hearing, the court asked whether any plea bargains had been ar-ranged for the case. The prosecuting attorney replied, "For a plea of guilty we recommend five years consecutive to [Mr. Zinna's] present sentence ... and have agreed not to file as a prior and persistent offender." Mr. Zinna's counsel agreed with the prosecutor's description of the agreement. After a few more inquiries, the court asked Mr. Zinna whether he was aware that "no one can promise you want [sic] your sentence will be and any such promises are not binding on this [c]ourt and the [c]ourt can impose any sentence within the range of punishment permitted by law." Mr. Zinna indicated that he understood. The court asked more questions and eventually accepted Mr. Zinna's guilty plea as voluntarily made. Mr. Zinna waived a pre-sentence investigation, and the court proceeded immediately to the sentencing hearing.

Prior to pronouncing sentence, the court stated, "Again, the recommendation to this [c]ourt is five years consecutive to the time [Mr. Zinna] is currently serving and [the State] will not pursue the defendant as a prior and persistent offender." Thereafter, the court announced, "It will be the sentence, order and judgment of this [c]ourt that this defendant be committed to the state Department of Corrections for a term of five years for the class C Felony of possession of a controlled substance in a correctional facility." The court did not state during its oral pronouncement of sentence that Mr. Zinna was to serve the five-year term consecutively to his prior sentences.

At the conclusion of the March 14, 2003, sentencing hearing, while in the course of determining whether Mr. Zinna's counsel had rendered ineffective assistance, the

---

1. The Court expresses its appreciation to attorney John E. Cozean who represented Mr. Zinna *pro bono* by appointment of this Court.

2. All statutory references are to RSMo 2000 unless otherwise indicated.

court again mentioned Mr. Zinna's five-year sentence. As before, the court did not state that the five-year term was consecutive. Mr. Zinna did not appear before the court again before it entered its written judgment later that day. Nonetheless, the March 14, 2003, entry of judgment states "It is the Sentence, Order and Judgment of the [c]ourt that the Defendant be confined for a term of 5 years for the offense of Possession of a Controlled Substance in a Correctional Facility, said sentence to run consecutive to sentence now being served."

On August 6, 2007, Mr. Zinna filed a motion in the sentencing court to correct his sentence *nunc pro tunc* on the basis that the judgment should have described the sentence as concurrent rather than consecutive. On November 7, 2007, the circuit court overruled Mr. Zinna's motion. On May 5, 2009, this Court issued a writ of habeas corpus and ordered a return be filed showing cause for Mr. Zinna's detention.

## II. STANDARD FOR OBTAINING HABEAS RELIEF FROM THIS COURT

■ Article V, section 4 of the Missouri Constitution vests this Court with the authority "to issue and determine original remedial writs," including writs of habeas corpus. The writ of habeas corpus is a common law remedy used to free persons who have been confined unlawfully. *See* Rule 91.01(b). When this Court grants a writ of habeas corpus, those proceedings are original proceedings and not an exercise of appellate jurisdiction. Rule 91.01(c) ("A habeas corpus proceeding shall be a civil action in which the person seeking relief is petitioner and the person against whom such relief is sought is respondent").

■ Habeas corpus is governed by chapter 532 and by Rule 91. Once a court issues a writ of habeas corpus, the petitioner is permitted to brief and argue his or her grounds for relief so that the court may "inquire into the cause of [petitioner's] restraint," Rule 91.01(b), and determine whether a release from custody is warranted. The decision whether to grant relief is "limited to determining the facial validity of confinement, which is based on the record of the proceeding that resulted in the confinement." *State ex rel. Nixon v. Jaynes*, 63 S.W.3d 210, 214 (Mo. banc 2001). The habeas court may grant relief by ordering the petitioner discharged from unlawful restraint or deny relief by permitting the petitioner to remain in custody. Rule 91.18; Rule 91.20.

## III. SILENCE IN THE FORMAL ORAL PRONOUNCEMENT OF SENTENCE MEANS THE SENTENCE IS CONCURRENT

Mr. Zinna contends that he is entitled to be released from incarceration because his five-year sentence in Case No. 02CR615004 ran concurrently with his other sentences and was completed no later than March 2008, by which point all his other sentences also had been completed. Mr. Zinna argues that, pursuant to Rule 29.09, when the circuit court orally pronounced his sentence without stating that it was consecutive, the sentence became concurrent by operation of Rule 29.09. Although the circuit court's written judgment reflects that the sentence was to run consecutively, Mr. Zinna maintains that this written sentence is inconsistent with the court's oral pronouncement and that in such cases, the oral pronouncement controls.

Section 558.026.1 directs that "[m]ultiple sentences of imprisonment shall run concurrently unless the court specifies that they shall run consecutively." This princi-

ple is reflected in Rule 29.09, which specifically provides:

> The court, *when pronouncing sentence,* shall state whether the sentence shall run consecutively to or concurrently with sentences on one or more offenses for which defendant has been previously sentenced. *If the court fails to do so at the time of pronouncing the sentences, the respective sentences shall run concurrently.* (emphasis added).

■ Rule 29.09 establishes a bright-line principle that when a sentencing court fails at the time of oral pronouncement to state whether a sentence is concurrent or consecutive, the mandatory language of the rule fills the gap and renders the sentence concurrent. *State v. Kuhlenberg,* 981 S.W.2d 617, 622 (Mo.App.1998) ("Under Rule 29.09, if the court fails to mention whether [multiple] sentences are to run consecutively or concurrently, the sentences are deemed concurrent").

■ The State concedes that Rule 29.09 provides that the sentence is concurrent when the court is silent when pronouncing sentence. It is also undisputed that "the written sentence and judgment of the trial court should reflect its oral pronouncement of sentence before the defendant." *State v. Patterson,* 959 S.W.2d 940, 941 (Mo.App. 1998). Indeed, "[i]f a material difference exists" between the written judgment and oral pronouncement, "the oral pronouncement controls." *State ex rel. LaChance v. Bowersox,* 119 S.W.3d 95, 95 (Mo. banc 2003).

■ But the State maintains that, here, the written and oral sentences are not inconsistent if one considers the transcript of the whole sentencing portion of the hearing rather than just the oral pronouncement of sentence, as the court earlier had stated that it intended to make the sentences consecutive. In support, the State notes that in *Johnson v. State,* 938 S.W.2d 264 (Mo. banc 1997), this Court looked to the transcript of the sentencing hearing as a whole to determine whether the defendant had been sentenced as a persistent offender.

In *Johnson,* the trial court's oral pronouncement of sentence failed to address whether the defendant was being sentenced as a persistent offender. *Id.* at 264. Johnson affirmed that where the sentencing court makes a clear statement or "where the formal oral pronouncement is unambiguous, it controls." *Id.* at 265. But where the meaning of a sentence is ambiguous, "nothing prevents an appellate court from examining the entire record to determine if the oral sentence can be unambiguously ascertained." *Id.* Because this Court's rules did not assist in determining how silence on the question of persistent offender status should be interpreted, *Johnson* looked to the sentencing hearing as a whole to determine whether the court sentenced Johnson as a persistent offender.

Here, the issue is not whether Mr. Zinna is a persistent offender but whether his sentence is concurrent or consecutive. Missouri's rules are not ambiguous as to the effect of silence on this issue. Rule 29.09 specifically states, "If the court fails to [state whether a sentence is concurrent or consecutive] at the time of pronouncing the sentences, the respective sentences shall run concurrently." Moreover, *Johnson* itself distinguished the case before it from the situation where, as here, a sentencing court fails to state whether a sentence is concurrent or consecutive during oral pronouncement of sentence, stating:

> *Some issues must specifically be addressed at the time of sentencing. See, e.g., Rule 29.09* (requiring the court, "when pronouncing sentence," to specify whether sentences are to be served con-

currently or consecutively). Nothing in the persistent offender statute imposes a similar requirement.

*Id.* at 265 n. 9 (emphasis added).

The distinction in treatment of persistent offender status from treatment of whether a sentence is concurrent or consecutive reflects the difference in specificity of the governing statutes and rules. Silence is ambiguous in the context of persistent offender status because nothing in the relevant statutes or rules creates a presumption as to what that silence means. Therefore, it is appropriate to resolve that ambiguity by looking at the full context of the sentencing.

In contrast, this Court has set out a bright-line rule in Rule 29.09 that unless the oral pronouncement of sentence states the sentence is consecutive, it is concurrent. It would be no more appropriate to look at the context of the entire sentencing hearing to see if that is how the judge had intended to sentence the defendant than it would be to do so where the court expressly stated that the sentences were concurrent. In both cases, the oral pronouncement has an unambiguous meaning, and context is no substitute for the content of the oral pronouncement itself. Under this Court's current rule, precatory comments made before oral pronouncement of sentence are simply of no effect.

Rule 29.09 reflects the policy set out in section 558.026.1. It frequently has been applied by this Court and the court of appeals. *See, e.g., LaChance,* 119 S.W.3d at 95 ("As the court failed to [state whether the sentence was to run concurrently or consecutively] at the time of pronouncing the sentences, the respective sentences shall run concurrently"); *State v. Cooper,* 712 S.W.2d 27, 32–33 · (Mo.App.1986) ("When a subsequent sentence contains no direction that it run consecutively to a prior sentence the defendant is already serving, the subsequent sentence is to be served concurrently"). And it is consistent with the long-standing common law presumption in Missouri. *See, e.g., Forbes v. Haynes,* 465 S.W.2d 485, 491 (Mo. banc 1971) ("with no applicable statutes making the sentences consecutive to each other and, in the absence of direction in the sentence on the subsequent offense to that effect, we hold ... that petitioner's terms were concurrent, and he is therefore entitled to his discharge"); *Anthony v. Kaiser,* 350 Mo. 748, 169 S.W.2d 47, 49 (1943), *quoting, State ex rel. Meininger v. Breuer,* 304 Mo. 381, 264 S.W. 1, 2 (1924) ("in the absence of ... a statute 'the law ... [i]s settled beyond dispute that ... sentences [a]re not cumulative, even where they might be made so, unless the sentencing court expressly made them so' ").[3]

 The State cites no authority for engaging in the kind of contextual review of the entire sentencing record that the bright-line standard set out in Rule 29.09 was intended to avoid.[4]

---

**3.** This Court's application of Rule 29.09 is also consistent with the way similar rules are treated in other jurisdictions. For example, in *State v. Rasinski,* 527 N.W.2d 593 (Minn. Ct.App.1995), the defendant was sentenced to one year in prison while serving a sentence on a prior conviction. At sentencing, the trial court did not state whether the new sentence was concurrent with or consecutive to the defendant's previous sentence. *Id.* at 594. There was evidence, however, that the court had discussed the matter with the parties in chambers and had indicated that it intended

to make the sentence consecutive. *Id.* at 595. Nevertheless, applying a statute virtually identical to Rule 29.09, the Minnesota Court of Appeals held that while the in-chambers discussion "may have reflected the trial court's intent, the statute requires that the court specify whether a consecutive or concurrent sentence is being imposed." *Id.* at 596.

**4.** The treatment given to silence is not unique to the sentencing context. A similar presumption from silence exists in the context of Rule 67.03—if a judgment is silent as to

At formal pronouncement of sentence, the circuit court said, "It will be the sentence, order and judgment of this [c]ourt that this defendant be committed to the state Department of Corrections for a term of five years for the class C Felony of possession of a controlled substance in a correctional facility." It is undisputed the court did not mention a consecutive sentence. As such, the sentence is concurrent under Rule 29.09.

■ The circuit court entered a written judgment stating that the sentence was consecutive. This is a material difference from its oral pronouncement of sentence. In such cases, "the oral sentence controls, and the written judgment is erroneous." *Patterson*, 959 S.W.2d at 941.

## IV. MR. ZINNA'S SENTENCE WAS IN EXCESS OF THAT ALLOWED BY LAW

■ Relief in habeas corpus is available "when a person is held in detention in violation of the constitution or laws of the state or federal government." *Jaynes*, 63 S.W.3d at 214. Here, Mr. Zinna argues that he is entitled to habeas relief because he has completed serving the sentence imposed on him following his guilty plea.

■ Rule 24.035 (and its counterpart, Rule 29.15, governing post-conviction motions by those convicted after trial) is "designed to provide a 'single, unitary, post-conviction remedy, to be used in place of other remedies,' including the writ of habeas corpus." *Jaynes*, 63 S.W.3d at 214, *quoting, Wiglesworth v. Wyrick*, 531 S.W.2d 713, 715–16 (Mo. banc 1976) (emphasis omitted). Rule 24.035(a) requires that a person who has pleaded guilty to a felony who alleges that "the sentence imposed violates the . . . laws of this state" must raise such an error by motion filed within 180 days of his delivery to the department of corrections. Rule 24.035(b). For this reason, if a petitioner fails to raise a claim for relief that could have been asserted in an appeal or in a post-conviction motion, the petitioner normally is barred from raising the claim in a subsequent petition for writ of habeas corpus.

■ In limited circumstances, however, the failure to timely raise a claim under Rule 24.035 or Rule 29.15 does not bar subsequent habeas relief. *Brown v. State*, 66 S.W.3d 721, 725 (Mo. banc 2002); *Jaynes*, 63 S.W.3d at 214. This occurs when the petitioner can demonstrate:

(1) a claim of actual innocence or (2) a jurisdictional defect or (3)(a) that the procedural defect was caused by something external to the defense—that is, a

---

whether a case is dismissed with or without prejudice, the dismissal is without prejudice. A suggestion that the appellate court look to what the trial court said at a hearing to determine if the judge had actually intended to dismiss with prejudice would be rejected, for such statements could not contradict the written judgment. Of course, a trial court has control of its judgment for 30 days and could amend it during that period if an error in its entry of judgment were called to its attention, but not thereafter. Rule 75.01.

Similarly, in Mr. Zinna's case, the court could have corrected the oral pronouncement of sentence by bringing Mr. Zinna back before it and resentencing him to a consecutive sen-

tence had the matter been brought to its attention and had it chosen to do so before it lost authority. Once the court entered a written sentence, however, it lost authority to amend its oral pronouncement of sentence. "[T]he circuit court retains jurisdiction and can amend its oral pronouncement of sentence, but only if the court calls the defendant back into court, and then only to the point when the court reduces its judgment to writing." *Rupert v. State*, 250 S.W.3d 442, 449 (Mo.App.2008). Courts must adhere to this procedure when amending a sentence because a defendant's presence at sentencing is required by statute and rule. §§ 546.550 to 546.570; Rule 29.07(b).

cause for which the defense is not responsible—and (b) prejudice resulted from the underlying error that worked to the petitioner's actual and substantial disadvantage.

*Brown,* 66 S.W.3d at 731.

Cases in which a person received a sentence greater than that permitted by law traditionally have been analyzed under the second of these exceptions. *State ex rel. Osowski v. Purkett,* 908 S.W.2d 690, 691 (Mo. banc 1995), held that the sentencing court acted beyond its authority when it sentenced the defendant to fifteen years in prison where the maximum authorized term of imprisonment was seven years. *Osowski* held that where a court "imposes a sentence that is in excess of that authorized by law, habeas corpus is a proper remedy." *Id.*

Similarly, *Merriweather v. Grandison,* 904 S.W.2d 485, 486 (Mo.App.1995), held that "[a] sentence which is in excess of that authorized by law is beyond the jurisdiction of the sentencing court." *Accord, Thomas v. Dormire,* 923 S.W.2d 533, 534 (Mo.App.1996).

Here, while the statutes did not prohibit the trial court from sentencing Mr. Zinna to consecutive sentences, section 558.026.1 does state that a sentence shall be concurrent unless the court makes it consecutive, and Rule 29.09 specifically states that silence in the oral pronouncement of sentence means that a sentence is concurrent. Yet, the sentencing court imposed a consecutive five-year sentence in Case No. 02CR615004 that was inconsistent with its oral pronouncement, as a result of which Mr. Zinna would be required to serve many years longer than he was required to serve had section 558.026.1 and Rule 29.09 been followed. The imposition of a consecutive sentence in this circumstance, therefore, is also in excess of that which the

court was authorized to impose and, hence, provides a basis for habeas relief.

■ *Brown, Jaynes* and myriad other cases refer to sentences in excess of that authorized by law as being in excess of the court's "jurisdiction." As *J.C.W. ex rel. Webb v. Wyciskalla,* 275 S.W.3d 249, 254 (Mo. banc 2009), makes clear, however, the term "jurisdiction" is used correctly only in reference to a court's subject matter or personal jurisdiction. Whatever label is applied, however, it is settled that the imposition of a sentence beyond that permitted by the applicable statute or rule may be raised by way of a writ of habeas corpus, as was done here.

## V. CONCLUSION

For the reasons set out above, Mr. Zinna is discharged from the sentence imposed in Case No. 02CR615004.

All concur.