STATE of Missouri, Respondent,

v.

Rodney HARVEY, Appellant.

No. ED 95689.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 20, 2011.

Andrew E. Zleit, St. Louis, MO, for appellant.

Chris Koster, Karen L. Kramer, Jefferson City, MO, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

Rodney Harvey appeals from the judgment of the trial court after a bench trial in which the trial court convicted Harvey of the felonies of robbery in the first degree ("Count I"), armed criminal action ("Count II"), unlawful possession of a firearm ("Count III"), and possession of a controlled substance ("Count IV"). Harvey contends that his waiver of the right to a jury trial was not knowingly, intelligently, and voluntarily made, and that the trial court plainly erred in entering its written sentence and judgment on Count IV. We affirm in part and modify in part.

The State charged Harvey by indictments with Counts I through IV as a prior and persistent drug offender and as a prior and persistent offender. The trial was scheduled to be before a jury, with a jury on hold outside the courtroom on August 20, 2010. Shortly before the jury trial was to start, Harvey's counsel informed the trial judge that Harvey was interested in a bench trial. Accordingly, the trial judge held a hearing on the record outside of the presence of the prospective jury, and the matter of a bench trial was discussed by the trial judge, Harvey, and Harvey's defense counsel. The trial court made it clear that in a bench trial it was not biased for or against defendants, and that its decision would be based on the evidence that it heard and found credible, stating that in the previous several years it had acquitted some defendants and found other defendants guilty based on the evidence presented, though the number of bench trials was a limited sample. The trial court stated that after the evidence was presented, if it were to find Harvey guilty, it would consider that he had chosen a bench trial instead of a jury trial, thereby saving the judiciary and the citizenry several days of a jury trial, when determining the sentences. The trial court repeatedly stressed that it was not promising Harvey a favorable verdict, but would rather decide the case based on the evidence presented to it. The trial court questioned Harvey thoroughly about his decision to waive a jury trial to ensure that the waiver was made knowingly, intelligently, and voluntarily. It also discussed the written memorandum drafted by Harvey's counsel waiving his right to a jury trial and requesting a bench trial, and stating that the trial court had questioned Harvey about the waiver. Harvey signed the memorandum. The court adjourned for the day shortly thereafter, and the trial began the following morning.

The trial court convicted Harvey on all four counts, and found that Harvey was a prior and persistent offender and a prior and persistent drug offender. In pronouncing sentence, the trial court stated as follows, in part:

... I believed based on the evidence that I had that you were guilty beyond a

reasonable doubt. I still hold that belief.

It is not uncommon for this Court upon findings of guilt, especially on offenses that involve either the use o[f] threats or violence, to run consecutive sentences. The Court is mindful, however, of the fact that by waiving a jury, you did save the system some expense and difficulty and I think you should get some credit for that.

. . .

Mr. Harvey, I'm left with the conclusion on this case that the appropriate sentence would be as follows: It will be the order and judgment of the Court that on Counts I, II, III, and IV, respectively, on Counts I and II you be sentenced to terms of imprisonment of 30 years in the Missouri Department of Corrections; on Counts III and IV that you be sentenced to terms of imprisonment of 15 years in the Missouri Department of Corrections; and all of those are to served concurrently with each other for a total of 30 years.

Probation is denied. . . .

In its written sentence, however, the trial court indicated a sentence of thirty years' imprisonment on Count IV, with all of the sentences to run concurrently.

Harvey now appeals from this judgment.

In his first point relied on, Harvey contends that the trial court plainly erred in accepting his waiver of jury trial and proceeding with a bench trial, in violation of his rights to a jury trial and due process of law. Harvey asserts that his waiver of a jury trial was induced by "unsolicited statements from the trial court[.]" These statements included one in which the trial court said that in about half of its bench trials, it had found the defendant not guilty, and another where it told Harvey that if he waived his right to a jury trial, this would be a positive factor in a sentenc-

ing decision if the case reached that point. Harvey avers that as a result of the trial court's statements, his waiver was not voluntarily, knowingly, and intelligently made, and in addition, did not appear on the record with unmistakable clarity.

■■■ Harvey concedes that this claim of error on appeal was not preserved, and requests plain error review. Under Rule 30.20, plain error review involves a two-step process. *State v. Smallwood,* 230 S.W.3d 662, 664 (Mo.App.2007). First, we determine whether plain error has occurred, that is, whether the claim for review facially demonstrates substantial grounds for believing that a manifest injustice or a miscarriage of justice has resulted. *Id.* If this Court finds plain error on the face of the claim for review, we have discretion to proceed to the next step of the process: the determination of whether the claimed error actually resulted in a manifest injustice or miscarriage of justice. *Id.* Manifest injustice depends on the facts and circumstances of the particular case, and the defendant has the burden of establishing manifest injustice. *State v. Baxter,* 204 S.W.3d 650, 652 (Mo. banc 2006). On direct appeal, plain error can only serve as a basis for granting a new trial if the error was outcome determinative. *Id.*

■■■ The constitutional right to a jury trial may be waived by a defendant with the consent of the trial court. Mo. Const., art. I, sec. 22(a); *Baxter,* 204 S.W.3d at 652–53. Rule 27.01(b) provides that:

The defendant may, with the assent of the court, waive a trial by jury and submit the trial of any criminal case to the court, whose findings shall have the force and effect of the verdict of a jury. In felony cases such waiver by the defendant shall be made in open court and entered of record.

Under the Constitution and Rule 27.01(b), the defendant's waiver must appear in the record with "unmistakable clarity." *Baxter*, 204 S.W.3d at 653 (quoting *State v. Bibb*, 702 S.W.2d 462, 466 (Mo. banc 1985)). The waiver of a jury trial must be made knowingly, voluntarily, and intelligently. *Id.*

A review of the record refutes the claims by Harvey that his waiver of a jury trial was not made knowingly, voluntarily, and intelligently, that it was induced by the trial court's statements, and that it did not appear on the record with unmistakable clarity. Harvey, via his counsel, first inquired on the day that the jury trial was scheduled about a bench trial. The trial court made no promises, but rather indicated that it was not biased towards finding a defendant in a bench trial guilty or not guilty, stating that the verdict would depend on the evidence, and that it would consider the selection of a bench trial as a positive factor in sentencing, which it did. The trial court questioned Harvey extensively, and the written waiver signed by Harvey and his counsel reflects this. Harvey does not challenge the sufficiency of the evidence on any of the counts. Harvey has not shown even facially that a manifest injustice has occurred. Point denied.

In his second point relied on, Harvey contends that the trial court plainly erred in entering its written sentence and judgment on Count IV because it did not conform to the oral pronouncement of that sentence, which was for a term of fifteen years' imprisonment, whereas the written sentence and judgment was for a term of thirty years' imprisonment. The State concedes the merit of this point

If there is a material difference between the written judgment and the oral pronouncement of sentence, the oral pronouncement controls. *State ex rel. Zinna v. Steele*, 301 S.W.3d 510, 514 (Mo. banc 2010). This Court does not need to remand the case where we can properly rectify the sentence. *State v. McGee*, 284 S.W.3d 690, 713 (Mo.App.2009). Accordingly, we correct and modify the judgment to reflect a fifteen year sentence for Harvey's conviction on Count IV, running concurrently with the sentences for Counts I, II, and III. Rule 30.23. Point sustained.

The judgment of the trial court is affirmed as modified.

ROY L. RICHTER and GARY M. GAERTNER, JR., JJ., concur.