*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0464**

Darrell Dewayne Dickerson, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed January 17, 2017
Affirmed
Bratvold, Judge**

Hennepin County District Court
File No. 27-CR-98-018380

Bradford Colbert, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Brittany D. Lawonn, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Worke, Presiding Judge; Cleary, Chief Judge; and Bratvold, Judge.

**U N P U B L I S H E D   O P I N I O N**

**BRATVOLD**, Judge

Nearly sixteen years after being sentenced for multiple convictions, appellant filed a motion to correct his sentences, arguing that his sentences are unauthorized because they

are being executed consecutively despite the sentencing court's failure to pronounce consecutive sentences. The district court analyzed appellant's motion both as a motion to correct a sentence and as a petition for postconviction relief, and denied relief. Appellant argues that the district court erred in both parts of its dual analysis. Because the sentencing court stated appellant's consecutive sentences with specificity at the time he was sentenced, we affirm.

**FACTS**

In January 1998, appellant Darrell Dewayne Dickerson was involved in four incidents in Hennepin and Ramsey Counties. In Ramsey County on January 7, Dickerson shot at a man, although his shot did not hit anyone. On January 11 and 12, Dickerson was involved in three robberies (including one in Ramsey County); guns were used in all three robberies, two victims were shot, and one of the shooting victims died. Dickerson was indicted in Hennepin County on charges of aggravated robbery, burglary, three counts of assault, and first and second-degree murder. He was separately charged in Ramsey County for two assaults.

Dickerson pleaded guilty on October 4, 1999, to first-degree aggravated robbery, first-degree burglary, two counts of second-degree assault, and an amended charge of second-degree unintentional murder for the Hennepin County crimes. Dickerson also pleaded guilty to Ramsey County charges of first-degree assault[1] and second-degree assault. The plea agreement called for dismissal of the first-degree murder charge and

---

[1] The sentencing transcript reflects that the district court pronounced this crime as a third-degree assault, but Dickerson acknowledges that it was a first-degree assault.

stated that the "[p]arties agree to 440 months." When the parties described the plea agreement to the district court, they agreed that "[Dickerson] will receive the presumptive, consecutive guidelines sentence for all the offenses, with the total being 440 months in prison."

At Dickerson's sentencing on October 22, 1999, his attorney read aloud a letter that Dickerson wrote to the victims, in which he stated that he would be in prison for 22 years. The sentencing court sentenced Dickerson to 48 months for first-degree aggravated robbery, 48 months for first-degree burglary, 36 months for each of the two second-degree assaults, and 150 months for the second-degree murder. Additionally, Dickerson was sentenced to 36 months for the second-degree Ramsey County assault and 86 months for the first-degree Ramsey County assault. The sentencing court concluded:

> The total of those sentences is 440 months. You must serve at least 293 and one-third months in custody. You will be eligible for supervised release for a period of 146 and two thirds months if you have no disciplinary violations.

Written documentation of the sentences indicates "[a]ll counts consecutive," and the warrant of commitment states that the sentences are "consecutive with each other" and that the sentence is for a total of 440 months.

Dickerson did not file a direct appeal or file a petition for postconviction relief.

In October 2015, Dickerson filed a motion to correct his sentences under Minn. R. Crim. P. 27.03, subd. 9, arguing that his consecutive sentences are unauthorized.[2] In

---

[2] The order assigning the case to a judge stated that "Petitioner herein has filed a Petition for Post-Conviction Relief." Dickerson promptly replied that he did not file a postconviction petition "and neither should the filing be construed as such."

response to Dickerson's motion, the state argued that Dickerson's request should be analyzed as a petition for postconviction relief and denied as time-barred; in the alternative, the state argued that his motion fails on the merits because he received the sentences agreed to in his plea petition. After filing his motion, Dickerson retained counsel from Legal Assistance to Minnesota Prisoners and submitted a supplemental memorandum arguing that the two-year statute-of-limitations period for postconviction proceedings violates the separation-of-powers doctrine.

The postconviction court first analyzed Dickerson's request as a petition for postconviction relief and determined that it was filed after the statutory deadline and was therefore time-barred. Alternatively, to avoid reaching the separation of powers issue, the postconviction court also analyzed Dickerson's request as a motion to correct his sentences and determined it fails on the merits. Dickerson appeals.

## D E C I S I O N

Minnesota recognizes at least three paths to challenge an error in a criminal sentence. First, a defendant may file a direct appeal after entry of judgment of conviction and sentence. Minn. R. Crim. P. 28.02, subd. 2(1). Second, a defendant may file a motion to "correct a sentence not authorized by law" "at any time." Minn. R. Crim. P. 27.03, subd. 9. Third, a defendant who claims that his or her sentence "violated the person's rights under the Constitution or laws of the United State or of the state . . . may commence a proceeding" to obtain postconviction relief. Minn. Stat. § 590.01, subd. 1(1) (2014).

Dickerson brought a motion to correct his sentences under rule 27.03, which the postconviction court analyzed as a petition for postconviction relief and, alternatively, as a

4

motion for corrected sentences. This court reviews de novo a district court's application of the rules of criminal procedure and its construction of a statute. *State v. Coles*, 862 N.W.2d 477, 479 (Minn. 2015); *Johnson v. State*, 801 N.W.2d 173, 176 (Minn. 2011).[3] Dickerson contends his motion falls under rule 27.03 and is not a postconviction petition. The state argues that Dickerson's motion should be construed as a postconviction petition.

The plain language of rule 27.03 "is limited to sentences, and the court's authority under the rule is restricted to modifying a sentence." *Coles*, 862 N.W.2d at 480. Consequently, a motion to correct a sentence should be construed as a petition for postconviction relief when the motion "involves more than simply the sentence the district court imposed." *Id.* at 481. For example, when the motion "involves the plea agreement itself" then it is properly construed as a postconviction petition. *Id.* On the other hand, a motion to correct a sentence should *not* be construed as a petition for postconviction relief "when the motion does not impact the underlying conviction." *Evans v. State*, 880 N.W.2d 357, 360 (Minn. 2016) (holding motion to correct sentence is proper method to challenge court's legal authority to award restitution); *see also Wayne v. State*, 870 N.W.2d 389, 391 (Minn. 2015) (holding challenge to criminal conviction cannot be made via rule 27.03 "to circumvent the procedural requirements of the postconviction statute").

---

[3] The Minnesota Supreme Court recently declined to decide the proper standard of review when examining a district court's decision to treat a motion under rule 27.03, subdivision 9, as a petition for postconviction relief under section 590.01 because the case before it required reversal whether it was reviewed de novo or under a more deferential standard of review. *Reynolds v. State*, __ N.W.2d __, __ 2016 WL 7118915 at *2 n.2 (Minn. Dec. 7, 2016).

Here, Dickerson's motion does not impact his underlying convictions because it is premised on an alleged error during sentencing proceedings. He challenges his sentences, and does not ask for any relief related to his convictions. Accordingly, we conclude that Dickerson's request is properly construed as a motion for corrected sentences. Alternatively, out of an abundance of caution and because Dickerson's plea agreement included consecutive sentences, we will also review Dickerson's request as a petition for postconviction relief.

## I. The postconviction court did not err when it determined that the sentencing court pronounced consecutive sentences.

Rule 27.03 permits a district court to "correct a sentence not authorized by law." Minn. R. Crim. P. 27.03, subd. 9; *State v. Schnagl*, 859 N.W.2d 297, 301 (Minn. 2015). "For a sentence to be unauthorized, it must be contrary to law or applicable statutes." *Schnagl*, 859 N.W.2d at 301. This court "review[s] the postconviction court's denial of a motion to correct a sentence for an abuse of discretion." *Townsend v. State*, 867 N.W.2d 497, 501 (Minn. 2015).

Dickerson argues that his sentences are unauthorized because the sentencing court failed to expressly state that his sentences are consecutive. The state responds that the district court specified consecutive sentencing. The postconviction court determined that the sentencing transcript did not include the word "consecutive," but contained enough specificity to pronounce consecutive sentences.

When "separate sentences of imprisonment are imposed on a defendant for two or more crimes," the sentencing court "shall specify whether the sentences shall run

6

concurrently or consecutively." Minn. Stat. § 609.15, subd. 1 (1998). The sentencing court "is required to state the precise terms of the sentence," including whether multiple sentences run concurrently or consecutively. *State v. Rasinski*, 527 N.W.2d 593, 594-95 (Minn. App. 1995). If the sentencing court fails to specify consecutive sentences, "the sentences shall run concurrently." Minn. Stat. § 609.15, subd. 1(a). After-the-fact adjustments to the sentences will not satisfy the statute; "the court's formal on-the-record pronouncement of sentence is controlling." *Rasinski*, 527 N.W.2d at 595.

Dickerson focuses on the statutory language, which requires that a sentencing court "specify" consecutive sentences. The sentencing court, as described in the postconviction decision, "never said the words concurrent or consecutive." Dickerson also relies on our decision in *Rasinksi* because the sentencing court in that case did not state whether the sentence was consecutive, and this court reversed a postconviction denial of a motion for a corrected sentence. *Rasinski* reasoned that the record "may have reflected the court's intent" but did not meet the statutory requirement of "specify[ing] whether a consecutive or concurrent sentence is being imposed." *Id.* at 595. Specifically, *Rasinksi* held that "[o]ff-the-record discussions . . . do not satisfy the statutory requirement," and that the "statutory presumption cannot be circumvented by later modification." *Id.*

Dickerson's reliance on *Rasinski* is misplaced. When the postconviction court in *Rasinski* denied the motion for a corrected sentence, it relied on "in-chambers discussions, the warrant of commitment, and the denial of work release privileges," which all indicated an intent to sentence consecutively. *Id.* In other words, every reference to consecutive

7

sentencing in *Rasinksi* was either outside the record or made after the sentencing hearing had concluded.

In contrast, the sentencing court's statements to Dickerson were specific and occurred on the record during sentencing. The sentencing court pronounced that "the total" of Dickerson's sentences was 440 months and that he "must serve at least 293 and one-third months in custody." As the postconviction court aptly explained, the sentencing court made "it clear that [it] intended, and in fact ordered, [Dickerson's] sentences to run consecutively." The postconviction court also highlighted that Dickerson expressly acknowledged in his sentencing statement "that he would be in prison for 22 years." Twenty-two years (or 264 months) is approximately two-thirds of the 440-month sentence (minus the nearly two years of time that Dickerson had already served); 264 months is how long Dickerson would serve if he committed no infractions while in prison. Thus, Dickerson's reference to 22 years is a reference to consecutive sentences.

We conclude that the sentencing court sufficiently specified that Dickerson's sentences shall run consecutively. The best practice for a sentencing court is to expressly use the word "consecutive" in imposing the sentence. In this case, however, the sentencing court's summary of the sentences, which was made on the record at the time of sentencing, satisfied the statutory requirement that a sentencing court "specify" when imposing consecutive sentences. *See* Minn. Stat. § 609.15, subd. 1. Thus, the postconviction court did not abuse its discretion in denying Dickerson's motion because his consecutive sentences are authorized by law.

**II.** **Alternatively, the district court did not err in concluding that Dickerson's request was a time-barred petition for postconviction relief.**

"In reviewing the district court's denial of post-conviction relief, including a denial based on the two-year statutory limit, we review issues of law de novo." *Vazquez v. State*, 822 N.W.2d 313, 315 (Minn. App. 2012). When section 590.01 was enacted on August 1, 2005, the legislature enacted a safe-harbor clause allowing "[a]ny person whose conviction became final before August 1, 2005," to bring a petition for postconviction relief within two years of enactment. 2005 Minn. Laws ch. 136, art 14, § 13, at 1097-98; *Stewart v. State*, 764 N.W.2d 32, 34 (Minn. 2009). Because Dickerson's conviction was final before August 1, 2005, the safe-harbor clause permitted him to file a petition for postconviction relief until July 31, 2007. *Sanchez v. State*, 816 N.W.2d 550, 555 (Minn. 2012). Several statutory exceptions to the limitations period exist, but Dickerson does not argue that any of them apply. Accordingly, the postconviction court did not err when it determined that Dickerson's request was time-barred if considered, in the alternative, as a postconviction petition.

Dickerson's sole argument is that application of this time-bar *to his motion* violates the separation of powers. The Minnesota Supreme Court agreed when it decided this issue in an opinion released after this case was submitted for decision. *Reynolds v. State* held that "applying the 2-year limitations period in Minn. Stat. § 590.01, subd. 4, to a Minn. R. Crim. P. 27.03, subd. 9 motion violates the separation of powers." *Reynolds v. State*, __ N.W.2d __, __ 2016 WL 7118915 at *6 (Minn. Dec. 7, 2016). Because we consider

9

Dickerson's motion on the merits under rule 27.03 and apply the time-bar only in the alternative, no constitutional issue arises.

**III.    Dickerson's pro se arguments fail.**

Finally, Dickerson's pro se brief raises several other issues. He first argues that the sentencing court violated *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), by departing from the guidelines without jury findings. However, a comparison of Dickerson's sentences and the 1998 sentencing guidelines reveals that he was sentenced within the guidelines, and *Blakely* therefore does not apply. *See* Minn. Sent. Guidelines IV (1998); *see also* Minn. Stat. § 609.11, subds. 5, 9 (1998).

Along the same lines, Dickerson purports to seek reversal of "his upward departures on Count 1 Aggravated Robbery and Count 2 Burglary in the first degree." Dickerson was sentenced to 48 months for each of those counts. This is commensurate with the guidelines for aggravated robbery and first-degree burglary with a weapon. Minn. Sent. Guidelines IV (1998). Accordingly, Dickerson's claims about sentencing departures lack merit.

Finally, Dickerson argues that the postconviction court was prohibited from recharacterizing his motion for a corrected sentence as a petition for postconviction relief. *Castro v. United States* held that recharacterization of a pro se motion as a litigant's first habeas claim requires notification to the litigant because recharacterization "may make it significantly more difficult to file another such motion." 540 U.S. 375, 382-83, 124 S. Ct. 786, 792 (2003). Dickerson is incorrect, however, that *Castro* prohibits recharacterization of pro se motions. *Castro* simply requires notice and an opportunity to withdraw the motion. *Id.* Moreover, *Castro* lacks any application because this court affirms the

10

postconviction court's decision that Dickerson's motion to correct his sentences lacks merit, so Dickerson's pro se arguments fail.

Because the sentencing court was sufficiently specific in pronouncing consecutive sentences and application of a time-bar to a postconviction petition does not violate the separation of powers, we affirm the district court's denial of Dickerson's motion.

**Affirmed.**

11