

# Missouri Court of Appeals
## Southern District

### In Division

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | No. SD37547 |
| | ) | |
| GERALD HENRY YOUNG, JR., | ) | **Filed:  March 7, 2023** |
| | ) | |
| Defendant-Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF CAMDEN COUNTY

Honorable Kenneth M. Hayden

**AFFIRMED AND REMANDED WITH DIRECTIONS**

Gerald Henry Young, Jr. ("Defendant") appeals his convictions, after a jury trial, for engaging in first-degree statutory sodomy and furnishing pornographic materials to his girlfriend's 11-year-old daughter ("Victim").  *See* sections 566.062 and 573.040.[1]  In two points on appeal, Defendant claims the circuit court:  (1) plainly erred in failing to *sua sponte* exclude testimony from a forensic interviewer that Victim's "allegations seemed 'more truthful'" because Victim was able to correct her interviewer; and (2) erred

---

[1] Unless otherwise indicated, all statutory citations are to RSMo 2016, including, as applicable, statutory changes effective January 1, 2017.

1

in entering a written judgment that imposed a sentence inconsistent with the circuit court's oral pronouncement at sentencing.

Finding merit only in Defendant's second point, we affirm his convictions and remand the case to the circuit court to enter an order *nunc pro tunc* that amends the written judgment to mirror the sentences pronounced at Defendant's sentencing hearing.

**Background**

Defendant does not challenge the sufficiency of the evidence to sustain his convictions. The conduct at issue occurred on September 25, 2018. Victim and Defendant were home alone because Victim's mother was in jail. Victim woke up to find Defendant lying in her bed and touching and rubbing the inside and outside of her vagina with his hands. Defendant also showed Victim pornography on his cellphone.

When Victim rode the bus to school the following morning, two female students noticed that she looked scared and upset. When Victim told the girls what had happened, they urged her to talk to a school counselor. Victim did so, and the school counselor sent Victim to Kids Harbor, where she was interviewed by Diana Sederwall ("Ms. Sederwall"), a trained forensic interviewer.

Ms. Sederwall testified to the jury that Victim told her that she woke up with Defendant in her bed, that Defendant squeezed her butt, rubbed her vagina, and put his finger inside her vagina. Victim also told Ms. Sederwall that Defendant showed her pornography on his phone, and that he said he was doing it to pleasure Victim.

At Defendant's sentencing hearing, the circuit court imposed a sentence of life imprisonment on the sodomy charge and a concurrent, one-year sentence on the charge of furnishing pornography to a minor.

**Analysis**

*Point 1*

Defendant's first point claims the circuit court

plainly erred in permitting the State to present, and in failing to *sua sponte* exclude, the forensic interviewer's testimony that [Victim]'s allegations seemed "more truthful" because she was able to correct the interviewer in violation of [Defendant]'s rights to due process of law and to a fair trial . . . in that the interviewer's testimony impermissibly invaded the province of the trial court as fact finder by vouching for [Victim]'s credibility, resulting in evident, obvious, and clear error; and, where [Defendant]'s defense strategy hinged on arguing that [Victim]'s allegations were fabrications, and the evidence of his guilt was far from overwhelming and came almost exclusively through [Victim]'s hearsay testimony in the forensic interview, the [circuit] court's failure to exclude the interviewer's testimony vouching for [Victim]'s credibility was a miscarriage of justice.

"Plain error review is discretionary, and this Court will not review a claim for plain error unless the claimed error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted." **State v. Clay**, 533 S.W.3d 710, 714 (Mo. banc 2017) (internal quotation omitted).

Defendant's plain-error claim is based upon the following exchange that occurred during the State's direct examination of Ms. Sederwall.

Q      Okay.  And [Victim] corrected you a few times, didn't she?

A      She corrected me through the whole interview.

Q      And is that important?

A      It is.  It's showing that they're trying to get the information correct, and it's a more truthful -- it's a more truthful way to communicate.

This exchange reveals that Ms. Sederwall did not testify that she believed Victim was telling the truth.  Instead, it constituted general testimony about an indicator that

3

often occurs when "they" – victims of sexual abuse in general – are more likely to be communicating in a truthful manner.[2]

Because the premise of Defendant's argument -- that Ms. Sederwall "vouch[ed] for [Victim]'s credibility" -- is incorrect, Defendant has failed to make a facial showing that a manifest injustice or miscarriage of justice occurred. We accordingly decline his request to review his unpreserved claim for plain error.

*Point 2*

Defendant's second point claims the circuit court erred in denoting the length of his sentence for first-degree statutory sodomy in its written judgments as "99 Years[,]" "LIFE WITHOUT PAROLE," or "999 years," in that those written judgments were "materially different from the [circuit] court's oral pronouncement of [Defendant]'s sentence as a 'life imprisonment.'" We (and the State) agree.

At Defendant's sentencing hearing, the circuit court orally pronounced Defendant's sentence for first-degree statutory sodomy as "life imprisonment in the Missouri Department of Corrections." But the circuit court's initial written judgment denoted the length of Defendant's sentence as "99 Years[.]" The circuit court thereafter entered amended judgments that respectively listed Defendant's sentence for first-degree statutory sodomy as "LIFE WITHOUT PAROLE" and "999 Years[.]" None of these versions matched the oral pronouncement.

---

[2] "Missouri courts long have recognized 'that generalized testimony about the behaviors of children alleging sexual abuse is specialized knowledge and that it is helpful to juries.'" ***State v. Suttles***, 581 S.W.3d 137, 148 (Mo. App. E.D. 2019) (quoting ***State ex rel. Gardner v. Wright***, 562 S.W.3d 311, 319 (Mo. App. E.D. 2018)). "General testimony describes behaviors and characteristics commonly found in victims. Particularized testimony concerns a specific victim's credibility as to the abuse." ***State v. Rogers***, 529 S.W.3d 906, 911 (Mo. App. E.D. 2017) (internal citations omitted).

When a material difference exists between the written judgment and the oral pronouncement of sentence, the oral pronouncement controls. ***State ex rel. Zinna v. Steele***, 301 S.W.3d 510, 514 (Mo. banc 2010). Point 2 is granted.

**Decision**

Defendant's convictions are affirmed. The case is remanded to the circuit court, which is directed to enter an order *nunc pro tunc* that corrects the written judgment to reflect a sentence of life imprisonment for the crime of first-degree statutory sodomy.[3] In all other respects, the judgment is affirmed.

DON E. BURRELL, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS

---

[3] The current judgment incorrectly lists the charge at issue in Count 1 as "unclassified" instead of "first-degree."